LTL Attorneys LLP
Kevin M. Bringuel (Bar No. 196279)
  kevin.bringuel@ltlattorneys.com
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Prashanth Chennakesavan (Bar No. 284022)
  prashanth.chennakesavan@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Phone: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Plaintiff
Ironhawk Technologies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC., a Delaware corporation; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01481<br><br>**COMPLAINT**<br><br>**(1) VIOLATION OF THE LANHAM ACT; AND**<br>**(2) CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

No.2:18-cv-01481

Plaintiff Ironhawk Technologies, Inc. brings this action against defendants Dropbox, Inc. ("Dropbox") and Does 1–10, and hereby alleges as follows.

## INTRODUCTION

1.      Ironhawk is a small Southern California company dedicated to helping its customers manage and distribute their data. By utilizing its SMARTSYNC technology, Ironhawk's customers are able to achieve up to 98% compression savings when transferring data. This is especially useful to users who need to transfer large amounts of data, but have access to limited bandwidth. For example, military and commercial vessels and offshore platforms generate substantial amounts of data that need to be transferred to on-shore computer or cloud infrastructures. However, they have access to limited bandwidth because they rely on communication satellites instead of cables. Technologies like SMARTSYNC are incredibly valuable to such customers.

2.      SMARTSYNC is equally valuable to customers that store large amounts of data in remote servers accessible via the Internet ("cloud" storage). Such users need to frequently transfer data between the cloud and local computing devices. In addition, enterprise cloud users need the ability to selectively transfer specific files between the cloud and local computing devices instead of replicating entire libraries. For example, Ironhawk's largest customer has expressed a desire to implement a "Cloud First" policy, which SMARTSYNC enables. Indeed, Ironhawk's customers have continually asked how SMARTSYNC can be incorporated into their cloud data storage environments and have implemented such solutions to varying degrees.

3.      Because it applied for and received a federal trademark for SMARTSYNC in 2007, Ironhawk has used the mark exclusively to advertise its technologies. As a result, customers have come to identify SMARTSYNC with Ironhawk's unique data compression and transfer technologies. In addition to end users, Ironhawk sells SMARTSYNC to technology companies—including Dropbox's competitors—that incorporate SMARTSYNC into their platforms and use it as a differentiator when marketing to end users.

4.     In June 2015, Ironhawk's founder and Chief Executive Officer conferred with Dropbox executives to determine if Dropbox was interested in offering SMARTSYNC as part of Dropbox's cloud computing platform. Ultimately, this discussion did not lead to a business relationship between the parties, and Ironhawk had no further contact with Dropbox.

5.     On information and belief, in late 2016 or early 2017, unbeknownst to Ironhawk, Dropbox began offering software that makes it easier for Dropbox customers to synchronize their data between Dropbox's servers and their own devices. Confusingly, Dropbox called, and to date has continued to call, its software "Smart Sync."

6.     Dropbox's use of "Smart Sync" has caused confusion in the marketplace. That is especially the case because both Dropbox's "Smart Sync" and Ironhawk's SMARTSYNC relate to data transfer between computer devices and within a cloud computing environment. In fact, customers have complained that Dropbox's use of the SMARTSYNC mark has affected their ability to claim "unique" access to SMARTSYNC when marketing to downstream users. Others have warned that users may question why they should continue to pay separately for Ironhawk's SMARTSYNC when it is already included in cloud platforms like Dropbox and have threatened to terminate business relationships with Ironhawk.

7.     Ironhawk brings this action to put a halt to Dropbox's unlawful infringement of the SMARTSYNC mark and hold Dropbox accountable for its unlawful and unfair conduct.

## PARTIES

8.     Ironhawk Technologies, Inc. (f/k/a Integrated Data Corporation) is a Delaware corporation with its principal place of business located in this judicial district in Manhattan Beach, California.

9.     On information and belief, Dropbox, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

10.     The true names and capacities of Does 1–10, inclusive, are unknown to Ironhawk, who therefore sues them by such fictitious names. Ironhawk will seek leave to amend this Complaint to allege their true names and capacities when they become known.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367 in that this is an action based primarily on trademark infringement involving rights arising from the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

12.     This Court has personal jurisdiction over Dropbox on the grounds that Dropbox: (1) is domiciled in California; and (2) actively directs its marketing, advertising, promotions, sales, and services at California residents.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims alleged occurred in this judicial district.

## FACTUAL BACKGROUND

14.     Founded in 2001 by President and CEO David Gomes as "Integrated Data Corporation," Ironhawk quickly earned a reputation for developing innovative solutions to data transfer and storage, especially within the United States military community. In 2009, Integrated Data Corporation changed its name to Ironhawk Technologies, Inc. (hereinafter both entities shall collectively be referred to as "Ironhawk").

15.     In 2002, Ironhawk developed and began selling SMARTSYNC, a proprietary software that enables highly efficient data transfers from one device to another. By substantially decreasing the amount of data that needs to be transmitted, SMARTSYNC drastically reduces the overall bandwidth needed, and allows Ironhawk's customers to access their data at a fraction of the time that would otherwise be required.

///

16.     SMARTSYNC utilizes a unique blend of "smart" data compression, data synchronization, data replication, and data transport technologies to analyze and execute the fastest replication of data possible across two network nodes. In some cases, this technology can increase throughput by as much as 50-to-1.

17.     This unique approach makes SMARTSYNC invaluable to its customers, who prioritize swift and efficient data replication. In particular, SMARTSYNC has invaluable military applications, as it maximizes data replication in decision-critical moments. This is especially true where overall bandwidth is limited, which on information and belief is a common problem faced in military data replications.

18.     To protect the goodwill developed in the SMARTSYNC name, on February 17, 2005, Ironhawk filed a trademark application with the United States Patent and Trademark Office for the word mark "SMARTSYNC," and on January 16, 2007, Ironhawk received a federal trademark with the registration number 3,198,093. Ironhawk's SMARTSYNC trademark is now incontestable.

19.     As its primary product offering, Ironhawk has devoted substantial time and resources to developing the SMARTSYNC product and brand. Since 2013, Ironhawk has focused *all* its marketing and advertising efforts on promoting its SMARTSYNC brand. In fact, on information and belief, many of Ironhawk's customers do not know the company as "Ironhawk," but simply as "SMARTSYNC."

20.     As of 2012, SMARTSYNC accounted for approximately 42 percent of Ironhawk's annual revenue.

21.     As of 2017, SMARTSYNC accounted for approximately 44 percent of Ironhawk's annual revenue.

## DROPBOX BEGINS USING "SMART SYNC" TO IDENTIFY ITS PRODUCT AFTER MEETING WITH IRONHAWK

22.     On June 29, 2015, three Ironhawk executives participated in a conference with three Dropbox executives to discuss the incorporation of SMARTSYNC into Dropbox's offerings. A copy of the meeting agenda is attached hereto as **Exhibit A**,

1  and incorporated herein by reference.

2      23.    Ahead of the meeting, Ironhawk sent Dropbox a detailed PowerPoint
3  presentation introducing SMARTSYNC. The PowerPoint explained SMARTSYNC's
4  functionality, including its revolutionary bandwidth optimization technology, and
5  highlighted the benefits of using SMARTSYNC in cloud implementations.
6  Importantly, the PowerPoint noted "SMARTSYNC" was a registered trademark by
7  including "®" after the term every time it was used. A copy of the PowerPoint
8  presentation Ironhawk sent to Dropbox is attached hereto as **Exhibit B**, and
9  incorporated herein by reference.

10     24.    On information and belief, sometime in late 2016 or early 2017, Dropbox
11 began offering its own "Smart Sync" product.

12     25.    Similar to Ironhawk, Dropbox's "Smart Sync" simplifies data transfer and
13 storage for its customers.

14     26.    On information and belief, Dropbox's "Smart Sync" permits users to
15 minimize hard drive space used on local computing devices by storing their entire
16 libraries on the cloud. If the user wants some files also stored on the local hard drive—
17 in order to, for example, access those files quickly or without connecting to the
18 Internet—the user can designate those files for both cloud and local storage. Files
19 stored solely on the cloud are downloaded on demand.

20     27.    On information and belief, Dropbox's "Smart Sync" algorithms determine
21 the frequency of file transfers, in part based on user settings, to ensure that files stored
22 on the cloud are up-to-date and identical to those stored on local hard drives.
23 Ironhawk's SMARTSYNC offers similar functionality.

24     28.    Dropbox's use of the "Smart Sync" mark is substantially identical to
25 Ironhawk's use and was done without Ironhawk's knowledge or consent.

26 ///
27 ///
28 ///

## DROPBOX'S USE OF "SMART SYNC" IS ACTUALLY CONFUSING IRONHAWK'S CUSTOMERS

29.   Ironhawk did not learn of Dropbox's confusing and infringing use of its SMARTSYNC mark until early 2017, when several of its largest customers informed Ironhawk of their respective concerns that Dropbox was also using "Smart Sync."

30.   In April 2017, Ironhawk received an email from one such customer, noting its concern that Dropbox was also marketing a "Smart Sync" product which the customer believed was "a unique differentiator in using Ironhawk's SmartSync®."

31.   This customer, a competitor of Dropbox, incorporates Ironhawk's SMARTSYNC into its platform. The customer informed Ironhawk that Dropbox's use of "Smart Sync" greatly threatened the customer's ability to use Ironhawk's SMARTSYNC as a differentiator when marketing to downstream users; the customer was concerned that it could no longer advertise "unique" access to SMARTSYNC because Dropbox was also offering "Smart Sync." The customer further informed Ironhawk that their business relationship relied largely on the goodwill associated with the SMARTSYNC brand, and that Dropbox's infringing use of this same mark was confusing.

32.   Based on this, the customer informed Ironhawk that Dropbox's confusing use of the identical "Smart Sync" mark seriously jeopardized its business with Ironhawk.

33.   Also in April 2017, Ironhawk received a similar email from a second customer. This second customer also noted that Dropbox was offering a "Smart Sync" product, and expressed its confusion and concern regarding whether the "Smart Sync" product offered by Dropbox was in fact the same SMARTSYNC offered by Ironhawk.

34.   This second customer further warned Ironhawk that the confusing overlap in the use of the SMARTSYNC mark could force it to drop Ironhawk as a vendor.

35.   On information and belief, Dropbox's use of the SMARTSYNC mark has caused confusion among other customers of Ironhawk and is likely to cause additional

1   confusion in the future.

## FIRST CLAIM FOR RELIEF

### (Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*)

4   36.   Ironhawk repeats and re-alleges by reference the allegations contained in
5   the paragraphs above as if fully set forth herein.

6   37.   Ironhawk owns the SMARTSYNC mark, which is a valid, protectable,
7   federally-registered trademark.

8   38.   Dropbox intentionally uses the "Smart Sync" mark in connection with its
9   "Smart Sync" product which, similar to Ironhawk's use of the mark, is in connection
10  with a data transfer tool. Dropbox uses the mark without Ironhawk's consent.
11  Dropbox's use of the "Smart Sync" mark is misleading and likely to cause confusion
12  among customers as to the affiliation, connection, or association of Dropbox's "Smart
13  Sync" product with Ironhawk as a preponderance of its customers are considering or
14  have already moved much of their operations into a cloud environment.

15  39.   On information and belief, Dropbox advertises and sells its "Smart Sync"
16  product to customers throughout the United States.

17  40.   Dropbox's infringing use of the "Smart Sync" mark has caused actual
18  confusion among Ironhawk's customers as to the source, sponsorship, affiliation, or
19  approval of Dropbox's "Smart Sync" product.

20  41.   Dropbox's   conduct   complained   of   herein   constitutes   trademark
21  infringement in violation of 15 U.S.C. § 1114 and unfair competition in violation of 15
22  U.S.C. § 1125(a).

23  42.   Dropbox's unlawful conduct entitles Ironhawk to recover actual and treble
24  damages, Dropbox's profits, attorneys' fees, and the costs of this litigation pursuant to
25  15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

26  ///

27  ///

28  ///

## SECOND CLAIM FOR RELIEF

### (Unfair Competition)

43.    Ironhawk repeats and re-alleges by reference the allegations contained in the paragraphs above as if fully set forth herein.

44.    In addition to the injuries alleged above, on information and belief Dropbox's conduct has resulted in Ironhawk's further loss of money or property, including, for example, diminished goodwill in its SMARTSYNC mark and lost sales due to the same.

45.    Dropbox's action complained of herein constitute unfair competition in violation of California law. Accordingly, Ironhawk is entitled to recover damages and injunctive relief.

46.    Dropbox's action complained of herein was undertaken with malice, oppression, or fraud, thereby entitling Ironhawk to an award of punitive damages.

## PRAYER FOR RELIEF

Ironhawk prays for judgment in its favor against Dropbox as follows:

1.    That the Court award all damages associated with each cause of action asserted in this Complaint;

2.    That the Court issue an injunction barring Dropbox from continued use of the "Smart Sync" mark, and any other mark that is confusingly similar to Ironhawk's SMARTSYNC mark;

3.    That the Court award actual damages and disgorgement of profits for infringement and federal unfair competition, as well as any other remedies provided for under 15 U.S.C. § 1117;

4.    That the Court award damages for Dropbox's unfair competition in violation of California law;

5.    That the Court award costs of suit and attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

///

1      6.     That the Court award punitive damages in an amount according to proof;
2  and

3      7.     For all other and further relief as the equities of the case may require and
4  as this Court deems just and proper under the circumstances.

5

6  Date: February 23, 2018                          LTL ATTORNEYS LLP

7

8                                          By: /s/ Kevin M. Bringuel
                                               Kevin M. Bringuel
9                                              Enoch H. Liang
                                               Prashanth Chennakesavan
10                                             Attorneys for Ironhawk Technologies,
11                                             Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Ironhawk

3 Technologies, Inc. hereby demands a trial by jury on all issues raised by the Complaint

4 that are triable by jury.

5

6 Date: February 23, 2018                LTL ATTORNEYS LLP

7

8                           By: /s/ Kevin M. Bringuel

Kevin M. Bringuel

9                               Enoch H. Liang

10                           Prashanth Chennakesavan

Attorneys for Ironhawk Technologies,

11                         Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28