BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>                    Plaintiff and<br>                    Counterdefendant,<br><br>          vs.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>                    Defendant and<br>                    Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM<br><br>**PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE**<br><br>*Filed Concurrently with Separate Statement, Declarations, Request for Judicial Notice, and Compendium*<br><br>Judge:   Hon. Dean D. Pregerson<br>Date:    July 15, 2019<br>Time:    10:00 a.m.<br>Crtrm:   9C<br><br>Trial Date:   September 10, 2019<br>Final Pre-Trial Conf.:  August 12, 2019 |

**REDACTED VERSION – PROPOSED TO BE FILED UNDER SEAL**

1262028.4

# <u>**TABLE OF CONTENTS**</u>

**Page**

I.    INTRODUCTION ............................................................................ 2

II.    BACKGROUND ............................................................................. 5

    A.    For Well over a Decade, Ironhawk Has Sold Its Data Management Software Under the SmartSync® Mark ........................... 5

    ■    ██████████████████████████████████████████████████████

    ■    ██████████████████████████████████████████████████████

    ■    ██████████████████████████████████████████████████████

    ■    ██████████████████████████████████████████████████████

    ■    ██████████████████████████████████████████████████████

    G.    Dropbox Does Not Follow Ms. Han's Advice ..................................... 11

III.    DROPBOX HAS ASSERTED AN ADVICE OF COUNSEL DEFENSE ...................................................................................... 12

IV.    STANDARD OF REVIEW ........................................................... 13

V.    DROPBOX'S ADVICE OF COUNSEL DEFENSE SHOULD BE SUMMARILY ADJUDICATED IN FAVOR OF IRONHAWK ................. 13

    A.    Dropbox Did Not Rely on Ms. Han's Advice ..................................... 13

    ■    ██████████████████████████████████████████████████████

    C.    Dropbox Failed to Follow Ms. Han's Advice ...................................... 17

VI.    CONCLUSION ............................................................................. 18

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**Cases**

**FEDERAL CASES**

*adidas-America, Inc. v. Payless Shoesource, Inc.*,
    546 F. Supp. 2d 1029 (D. Or. 2008) ............................................................. 2, 3, 13

*Bryant v. Maffucci*,
    923 F.2d 979 (2d Cir. 1991) ............................................................................. 13

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................................... 13

*Chiron Corp. v. Genentech, Inc.*,
    268 F. Supp. 2d 1117 (E.D. Cal. 2002) ....................................................*passim*

*Comark Commc'ns, Inc. v. Harris Corp.*,
    156 F.3d 1182 (Fed. Cir. 1998) .................................................................. 5, 15

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgm't, Inc.*,
    618 F.3d 1025 (9th Cir. 2010) ......................................................................... 16

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*,
    80 F.3d 749 (2d Cir. 1996) .......................................................................... 5, 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ......................................................................................... 13

*United States v. Conforte*,
    624 F.2d 869 (9th Cir. 1980) ........................................................................... 17

**RULES**

Fed. R. Civ. P. 56(a) ................................................................................................ 13

Federal Rules of Civil Procedure Rule 56 ................................................................. 1

L.R. 7-3 ...................................................................................................................... 1

1262028.4

-ii-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1   PLEASE TAKE NOTICE that, on July 15, 2019 at 10:00 a.m., or as soon

2   thereafter as it may be heard, in Courtroom 9C of the above-titled Court, located at

3   350 West 1st Street, Los Angeles, California 90012, the Honorable Dean D.

4   Pregerson presiding, plaintiff and counterdefendant Ironhawk Technologies, Inc.

5   ("Ironhawk") will, and hereby does, move this Court to enter partial summary

6   judgment in its favor (the "Motion").

7   This Motion will be made pursuant to Rule 56 of the Federal Rules of Civil

8   Procedure. The Motion is based on the following grounds. Dropbox's advice of

9   counsel defense necessarily fails for three fundamental reasons:  (1) ███████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ██████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  ███████████████████████████

15  The Motion is based on this Notice of Motion, the Memorandum of Points

16  and Authorities, the Request for Judicial Notice ("RJN"), the declarations of

17  Matthew L. Venezia ("Venezia Decl.") and David Gomes ("Gomes Decl."), and the

18  exhibits thereto, the Complaint, the Proposed Order, and any other evidence and

19  argument the Court may consider.

20  The Motion is made following a L.R. 7-3 conference of counsel that occurred

21  on June 10, 2019.

22  Dated:  June 17, 2019            BROWNE GEORGE ROSS LLP

23                                           Keith J. Wesley
                                             Lori Sambol Brody
24                                           Matthew L. Venezia

25                                  By:   _/s/ Matthew L. Venezia_

26                                           Matthew L. Venezia
                                    Attorneys for Plaintiff and Counterdefendant
27                                  Ironhawk Technologies, Inc.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Ironhawk is a small business that has spent over a decade building its business around its data management software marketed exclusively under the SmartSync® mark. Ironhawk's hard work resulted in strong brand recognition within the market where Ironhawk has experienced the most historical success, providing critical software to the United States military, and has opened the door to valuable business relationships in the commercial sector.

But then tech giant Dropbox released its own data management software under the same name – Smart Sync. In one fell swoop, Dropbox both jeopardized Ironhawk's existing customer relationships, and dealt a critical blow to Ironhawk's ongoing efforts to expand SmartSync®'s use in the commercial sector. Dropbox readily admits knowledge of Ironhawk's SmartSync® mark at the time it adopted the Smart Sync name, but attempts to invoke the advice of counsel as a defense for its actions as a textbook trademark bully.

A defendant in a trademark infringement case may attempt to avoid a finding of willful infringement by asserting an advice of counsel defense. *adidas-America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1047 (D. Or. 2008). In essence, the defendant contends that it should be found to have acted in good faith because, prior to using the trademark in question, the defendant obtained and relied upon the advice of an attorney that use of the trademark would not infringe upon the plaintiff's rights.

Of course, in order for an advice of counsel defense to be legally cognizable, certain requirements must be met, including:  (a) decision makers for the client must have in fact considered and relied upon the advice; (b) the client must have not withheld material facts or documents from the attorney; and (c) the client must

1262028.4

-2-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1  follow the advice.[1]

2       Here, Dropbox invokes advice of counsel as a purported defense to its

3  complete disregard for the exponentially smaller Ironhawk's rights to the

4  SmartSync® mark. Specifically, Dropbox attempts to avoid a willful infringement

5  finding by ████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████ Ironhawk's rights in the SmartSync® mark under which the

8  Ironhawk has sold its own competing data management software for over a decade.

9  ████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ████████████████████████████████████

12 ████████████████████████████████████

13 ██████████████████████████████████████

14 ███████████████████████████████████████████

15 ████

16 ██████████████████████████████████████

17 ██████████████████████████████████████

18 ████████████████████████████████████████

19 ████████████████████████████████████████

20 ██████████████████████████████████████

21 ██████████████████████████████████████

22 ████████████████████████████████  █████████████

23  ────────────────────────

24  [1] In addition to these requirements, the advice must be deemed competent
   considering the six factors discussed in *adidas-America, Inc.*, 546 F. Supp. 2d at

25  1048. ████████████████████████████, this Motion does not rely upon
   the incompetence of her opinion.

26 ████████████████████████████████████████████

27 ████████████

28 ████████████████████████████████████████



1     ████████████████████████████

2     ████████████████████████████

3     ████████████████████████████

4     ████████████████████████████

5     ████████████████████████████

6     ████████████████████████████

7     ████████████████████████████

8     ████████████████████████████

9     Mr. Lyman's testimony is instructive of the flippant consideration given by

10    Dropbox to Ironhawk's rights in the SmartSync® brand. And Ms. Han's comment

11    that ████████████████████████████

12    ████████████████ is a further example of Dropbox's behavior as a trademark

13    bully—*i.e.,* Dropbox's infringement upon the SmartSync® mark is the assumed

14    course of action, the only question being how to best defend against the anticipated

15    lawsuit.

16    ████████████████████████████, Dropbox's

17    advice of counsel defense should be summarily adjudicated for three fundamental

18    reasons:

19    ████████████████████████████

20    ████████████████████████████

21    ████████████████████████████

22    ████████████████████████████

23    ████████████████████ It goes without saying that

24    Dropbox could not have relied on legal advice never received. *Chiron Corp. v.*

25    *Genentech, Inc.*, 268 F. Supp. 2d 1117, 1121–22 (E.D. Cal. 2002) (advice of in-

26    ────────────────────

27    ████████████████████████████

28    ████████████

1262028.4

-4-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1  house counsel could not have been relied on where decision makers did not receive

2  advice).

3  ███████████████████████████████████████████

4  ███████████████████████████████████████████████

5  ████████████████████████████████████████████

6  ███████████████████████████████████████████

7  ██████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ███████████████████████████████████████████████

10  █████████  Dropbox's failure to disclose such documents to its counsel is fatal to its

11  advice of counsel defense. *Chiron Corp.*, 268 F. Supp. 2d at 1123–25 *citing Comark*

12  *Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir. 1998) (party

13  asserting advice of counsel defense must not have withheld material information

14  from its counsel).

15  ████████████████████████████████████

16  ████████████████████████████████████████████

17  █████████  Nonetheless, Dropbox generally does not place Dropbox in front of Smart

18  Sync. Instead, Dropbox routinely describes its data management software simply as

19  Smart Sync. A party that has not followed its counsel's advice has not relied on that

20  advice. *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d

21  749, 754 (2d Cir. 1996) ("*Tommy Hilfiger*") (in addition to being fatal to an advice

22  of counsel defense, "the *failure* to follow the advice of counsel given before the

23  infringement must factor into an assessment of an infringer's bad faith").

24       Accordingly, the Court should grant Ironhawk's Motion.

25  **II.**  **BACKGROUND**

26       **A.**  **For Well over a Decade, Ironhawk Has Sold Its Data Management**

27             **Software Under the SmartSync® Mark**

28       Ironhawk's business focuses upon its data management software, which

allows for up to 98% compression savings when transferring data. (Gomes Decl., ¶ 2.) In 2004, Ironhawk started marketing its software under the name SmartSync. (*Id.* at ¶3.) On February 17, 2005, Ironhawk applied for a trademark for SmartSync and, on January 16, 2007, Ironhawk received its federal registration for the SmartSync® mark. (*Id.* at ¶ 4 & Exh. A.) Since 2004, Ironhawk has continuously marketed its software using the SmartSync name. (*Id.* at ¶ 3.)

SmartSync® is particularly useful for customers that need to manage large amounts of data using networks with limited bandwidth. (*Id.* at ¶ 5.) This usefulness has led to SmartSync® being implemented for military applications, such as on United States Navy vessels. (*Id.*) However, SmartSync® is also useful for commercial purposes, and Ironhawk regularly pursues such implementations of SmartSync®. (*Id.*) For instance, in recent years Ironhawk has discussed potential SmartSync® implementations in the oil and gas industry and with a prominent smartphone manufacturer. (*Id.*)

(Venezia Decl., Exh. A (Sheehan Depo.), P. 25:15–25 & Exh. 40.)

(*Id.* at Exh. A (Sheehan Depo.), PP. 28:15–24, 29:13–18, 30:16–31:23, 48:4–50:22, 69:8–15 & Exh. 44.)

(*Id.* at Exh. A

1262028.4

-6-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1   (Sheehan Depo.), Exhs. 43, 49, 50.) ████████████████████████████

2   ████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ██████████████████████████ (*Id.* at Exh. A (Sheehan Depo.), Exh.

5   49.) ████████████████████████████████████████

6   ██████████████████████████████████████████

7   ██████████████████████ (*Id.* at Exh. A (Sheehan Depo.), Exh. 52.)

8   █ ██████████████████████████████████████████

9   ████████████████████████████████████

10  ████████████████████████████████████████

11  ██████████████████████████████████████████████

12  ████████████████████ (Venezia Decl., Exh. A (Sheehan Depo.), PP. 70:10–71:18,

13  Exh. 49.) ████████████████████████████████

14  ████████████████████████████████████████████

15  ████████ *Id.*)

16  ██████████████████████████████████

17  ██████████████████████████████ (*Id.* at Exh. B (Han Depo.), PP.

18  132:11–133:25.) ████████████████████████

19  ██████████████████████████████ (*Id.* at Exh. A (Sheehan

20  Depo.), PP. 36:2–45:4, 51:11–52:22, 56:10–57:7, 88:5–11 & Exhs. 43, 45, 46; Exh.

21  B (Han Depo.), 103:13–104:11, 113:6–17 & Exhs. 89, 93.) ██████████

22  ████████████████████████████████████████

23  ████████████████████████████████████████

24  ██████████████████████████ (*Id.* at Exh. A (Sheehan Depo.), 51:11–52:22,

25  56:10–57:7, 88:5–11 & Exhs. 45, 46; Exh. B (Han Depo.), 103:13–104:11 , 113:6–

26  17 & Exh. 93.)

27  ████████████████████████████████████

28  ████████████████████████████████████████████



PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE



1

2

3

4

5

6  (*Id.* at Exh. C (Lyman Depo.), P. 33:6–20.)

7

8

9  (*Id.* at Exh. A (Sheehan Depo.), PP. 117:8–119:1 & Exh. 55.)

10

11

12

13  (*Id.* at Exh. A (Sheehan Depo.), PP. 16:15-17:7, 119:9–19.)

14

15

16       Dropbox planned to, and ultimately did, introduce its Smart Sync software as

17  part of a press event it referred to as [redacted] occurring on January 30, 2017.

18  (Venezia Decl., Exh. A (Sheehan Depo.), PP. 153:21–154:13; Exh. D. (Houston

19  Depo.), Exh. 144.) [redacted]

20  [redacted] and Dropbox's CEO Mr. Houston appeared for the press. (*Id.* at Exh. C

21  (Lyman Depo.), P. 62:12–15; Exh. D (Houston Depo.), PP. 111:25–112:3 & Exh.

22  148.)

23

24

25  [redacted] (*Id.* at Exh. A (Sheehan Depo.),

26  PP. 69:8–15, 159:5–7; Exh. C (Lyman Depo.), P. 59:17–20.)

27

28

1262028.4



1  ███████████████████ (*Id.* at Exh. C (Lyman Depo.), PP. 64:23–65:14;

2  Exh. A (Sheehan Depo.), PP. 160:7–161:15.)

3  ██ ███████████████████████████████

4  ███████████████████████████

5  ██████████████████████████████████████

6  ██████████████████████████

7  ███████████████████████ (Venezia Decl., Exh. B (Han

8  Depo.), PP. 140:9–18, 143:7–144:10.) ███████████

9  █████████████████████████████████████

10 ██████ (*Id.* at Exh. B (Han Depo.), P. 139:9–17 & Exh. 101; Exh. A (Sheehan

11 Depo.), PP. 92:16–93:8 & Exh. 52.)

12 ██████████████████████████████

13 ███████████████████ ███████████████

14 ██████████████████████████████

15 ██████ (*Id.* at Han Depo., P. 140:3–5.) ██████████████

16 ████████████████████████████████████

17 ██████████████ (*Id.* at Exh. B (Han Depo.), PP. 139:9–140:8 &

18 Exh. 101; Exh. A (Sheehan Depo.), PP. 92:16–93:8 & Exh. 52.)

19 ██████████████████████████

20 ██████████████ (*Id.* at Exh. B (Han Depo.), PP. 139:9–140:8 & Exh.

21 101; Exh. A (Sheehan Depo.), PP. 92:16–93:8 & Exh. 52.) █████████

22 ██████████████████████████████

23 █████████████████████████████

24 ██████████████ (*Id.*) ██████████████

25 _____

26 [3] ████████████████████████████

27 ████████████

    [4] ███████████████████████████████████████ (*Id.*

28 at Han Depo., PP. 143:7–144:10.)

1 ███████████████████████████████████████

2 ████████████████████████████████████████████

3 ██████████████████████████████████████████

4 ███████ (*Id.*) ████████████████████████████████████████

5 ████████████████████████

6 ██████████████████████████████████████

7 ████████████████████████████████████

8 ████████████████████████████████████

9 ███████████████████████████████████

10 ████████████

11 (*Id.*)

12 █████████████████████████████████████████

13 ███████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████:

17 • █████████████████████████████████████████████

18 ██████████████████████ (*Id.* at Exh. A (Sheehan Depo.),

19 PP. 51:11–52:22, 88:5-11 & Exh. 45.)

20 • ██████████████████████████████████████

21 ██████████████████████████████████████████

22 ██████████████████████████ (*Id.* at Exh. A

23 (Sheehan Depo.), PP. 56:10–57:7, 88:5-11 & Exh. 46; Exh. B (Han

24 Depo.), 113:6–17 & Exh. 93.)

25 • ██████████████████████████████████████

26 ███████████████████████████████████████

27 ███████████████████████████████████████

28 ███████████████████████████████████████



1262028.4



1   ██████████████████████████ (*Id.* at Exh. A (Sheehan

2   Depo.), PP. 36:2–45:4, 88:5-11 & Exh. 43; Exh. B (Han Depo.),

3   103:13–104:11 & Exh. 89.)

4   **F.** ███████████████████████

5   ████████████████████████████

6   ███████████████

7   ██████████████████████████

8   ████████████████████████████

9   ████████████████ (Venezia Decl., Exh. B (Han Depo.), P.

10  139:9–17 & Exh. 101; Exh. A (Sheehan Depo.), PP. 92:16–93:8 & Exh. 52.)

11  ████████████████████████████

12  ██████████████████████████

13  ███████████████ (*Id.* at Exh. D (Houston Depo.), PP. 93:3–99:4 &

14  Exh. 141; Exh. B (Han Depo.), P. 107:1–5; Exh. A (Sheehan Depo.), P. 116:5–12.)

15  ████████████████████████████

16  ████████████████ (*Id.* at Exh. C (Lyman Depo.), PP. 12:17–

17  13:3.) ██████████████████████

18  █████████

19  █████████████████

20  █████████████████

21  █████████████████

22  ████████████████

23  ████████████████

24  █████████████

25  (*Id.* at Exh. C (Lyman Depo.), PP. 77:20–78:4.)

26  █ ████████████

27  ██████████████████████

28  ██████████████████████ Dropbox's █████

1262028.4

-11-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

press release refers to Smart Sync nine times, and in seven of those nine instances Smart Sync is not preceded by Dropbox. (Venezia Decl., Exh. D. (Houston Depo.), Exh. 144.)

To the present day, Dropbox fails to include Dropbox in front of Smart Sync in the majority of its advertising and marketing materials, despite making recent revisions in an apparent attempt to respond to Ironhawk's claims in this case. The home screen for Dropbox's website refers to its software only as Smart Sync. (*Id.* at ¶ 6 & Exh. E.) On Dropbox's Smart Sync page, 11 of the 12 references to Smart Sync are without Dropbox preceding the name, including the link to "Get Smart Sync." (*Id.* at ¶ 7 & Exh. F.) The embedded video appearing on that page never precedes its use of Smart Sync with Dropbox. (*Id.* at ¶ 8.)

Once consumers click on the "Get Smart Sync" link, they are taken to a list of plans that they may purchase, and where Smart Sync is referenced, until on or about May 30, 2019, it was not preceded by Dropbox. (*Id.* at ¶ 9 & Exh. G.) Lastly, once consumers purchase and install a Dropbox plan with Smart Sync, within the software, where Smart Sync is referred to, it is not preceded by Dropbox. (*Id.* at ¶ 10.)

## III.   DROPBOX HAS ASSERTED AN ADVICE OF COUNSEL DEFENSE

Although Dropbox has not specifically pleaded an advice of counsel defense, Ironhawk understands that Dropbox intends to put forward such a defense in an attempt to argue that its infringement of Ironhawk's SmartSync® mark was not willful. Therefore, during the parties' meet and confer conference on June 10, 2019, Dropbox informed Ironhawk that it intended to move for summary judgment on the issue of willfulness in part based upon Dropbox's alleged reliance on the advice of its in-house counsel. (Venezia Decl., ¶ 11.)

Dropbox's intent to assert the advice of counsel defense is further confirmed by its Second Amended Responses and Objections to Ironhawk's First Set of Interrogatories, wherein Dropbox claims that it obtained clearance of the Smart

Sync name from Ms. Han and relied on that advice. (*Id.* at ¶ 12 & Exh. H.) Despite their failure to plead an advice of counsel affirmative defense, Dropbox asserts that these facts support an affirmative defense pleaded in their answer. (*Id.*)

## IV.   STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), a "party may move for summary judgment on "[a] claim or defense or the part of [a] claim or defense." Summary judgment shall be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* When the moving party satisfies its burden of demonstrating the absence of a genuine issue of fact for trial, the opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, it must "come forward with enough evidence to support a jury verdict in its favor." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V.   DROPBOX'S ADVICE OF COUNSEL DEFENSE SHOULD BE SUMMARILY ADJUDICATED IN FAVOR OF IRONHAWK

### A.   Dropbox Did Not Rely on Ms. Han's Advice

It is axiomatic that an advice of counsel defense requires that persons with decision making authority in fact received and relied upon relevant legal advice. *Chiron Corp.*, 268 F. Supp. 2d at 1121–22; *see also adidas-America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1048 (D. Or. 2008) (where Payless's counsel provided infringement assessments as to only certain shoes, "With respect to the unreviewed shoes, it is difficult to see how Payless can rely on advice it did not actually seek or obtain").

*Chiron Corp.* is instructive. In *Chiron Corp.*, the defendant moved for summary judgment on the plaintiff's allegation that its infringement was willful, in part, based upon the notes of defendant's in-house counsel concluding there was no infringement. However, it was unclear whether the opinion contained in the notes

1  was ever communicated to the Executive Committee, the relevant decision maker.

2  Thus, the Court held the defendant could not have reasonably relied on its in-house

3  counsel's unreviewed notes. *Chiron Corp.*, 268 F. Supp. 2d at 1121–22.



5  (Venezia Decl., Exh.

6  A (Sheehan Depo.), PP. 16:15-17:7, 119:9–19.)

8  (*Id.* at Exh. A (Sheehan Depo.), PP.

9  16:15-17:7, 117:8–119:1 & Exh. 55.)

13  (*Id.* at Exh. B

14  (Han Depo.), PP. 107:1–5, 139:9–17 & Exh. 101; Exh. A (Sheehan Depo.), PP.

15  92:16–93:8, 116:5–12 & Exh. 52; Exh. D (Houston Depo.), PP. 93:3–99:4 & Exh.

16  141.)

17  (*Id.* at Exh. C (Lyman Depo.), PP. 12:17–13:3.)

25  (*Id.* at Exh. C (Lyman Depo.), PP. 77:20–78:4.)

---

[5] To be clear, there is no evidence that Mr. Lyman had decision-making authority on the matter.

1    In summary, it is undisputed that ███████████████████████████

2    █████████████████████████████████████████████████████████

3    █████████████████████████████████████████████████████████

4    ███████  Accordingly, Dropbox's advice of counsel defense fails.

5    ██  █████████████████████████████████████████

6    A party asserting an advice of counsel defense must not have withheld

7    material information from its counsel. *Chiron Corp.*, 268 F. Supp. 2d at 1123–25

8    *citing Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir.

9    1998).

10    *Chiron Corp.* is again on point. In *Chiron Corp.*, the defendant also received

11    an opinion letter from outside counsel stating that it did not infringe. But the

12    defendant failed to disclose to outside counsel its awareness concerning the

13    characteristics of a particular antibody, relevant to the infringement analysis. The

14    Court held that from this omission, "[a]n inference . . . arises that from the start,

15    [defendant] never intended to rely on the opinion rendered by [outside counsel], did

16    not seek it in good faith, and in fact did not rely on the opinion[.]" *Chiron Corp.*,

17    268 F. Supp. 2d at 1122–24.

18    ███████████████████████████████████████

19    ████████████████████████████████████████████████████

20    ██████████████████████████████████████████████████

21    ██████████████████████████████████████████████████████

22    ████████████  (Venezia Decl., Exh. A (Sheehan Depo.), PP. 51:11–52:22,

23    88:5-11 & Exh. 45); (2) ████████████████████████████████████████

24    █████████████████████████████  (*Id.* at Exh. A (Sheehan Depo.),

25    PP. 56:10–57:7, 88:5-11 & Exh. 46; Exh. B (Han Depo.), P. 113:6–17 & Exh. 93);

26    █████████████████████████████████████████████████████████

27

28

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1 ███████████████████████████████████████ (*Id.* at Exh. A

2 (Sheehan Depo.), PP. 36:2–45:4, 88:5-11 & Exh. 43; Exh. B (Han Depo.), 103:13–

3 104:11 & Exh. 89.)

4          The Ninth Circuit has explained that in analyzing fair use, "the lettering, type,

5 style, size and visual placement and prominence of the challenged words" is

6 relevant, in addition to whether the challenged words are used by the alleged

7 infringer "only to describe [its] goods or services." *Fortune Dynamic, Inc. v.*

8 *Victoria's Secret Stores Brand Mgm't, Inc.*, 618 F.3d 1025, 1040–41 (9th Cir. 2010)

9 (internal citations and quotations omitted). "[T]he scope of the fair use doctrine

10 varies with what we will call the descriptive purity of the defendant's use and

11 whether there are other words available to do the describing." *Id.* at 1041.

12 ████████████████████████████████████████

13 ███████████████████████████████████████

14 █████████████████████████████████████████

15 ██████████████████████████████████

16 █████████████████████████████████████████

17 ███████

18          Just as in *Chiron Corp.*, ████████████████████████████

19 █████████████████████████████████████

20 █████████████████████████████████████

21 █████████████████████████████████████

22 ████████████████████████████████████

23 ████████████████████████████████████

24 █████████████████████████████████████████

25

26

27 █ ████████████████████████████████████

28 ██████████████████████████

1  ███████████████████ (*Id.* at Exh. A (Sheehan Depo.), PP. 70:10–71:18, 117:8–

2  119:1 & Exhs. 49, 55.) Accordingly, Dropbox's advice of counsel defense fails.

3  **C.   Dropbox Failed to Follow Ms. Han's Advice**

4  A party asserting an advice of counsel defense must have, in fact, followed its

5  counsel's advice. *United States v. Conforte*, 624 F.2d 869, 877 (9th Cir. 1980)

6  ("defendant must also show that he actually relied on the advice"). Far from

7  providing a defense to willful infringement, "the *failure* to follow the advice of

8  counsel given before the infringement must factor into an assessment of an

9  infringer's bad faith." *Tommy Hilfiger*, 80 F.3d at 754.

10  In *Tommy Hilfiger*, Tommy Hilfiger failed to follow the advice of its

11  attorneys to conduct a full trademark search prior to using the mark in question. The

12  Court held that the district court's determination on bad faith –failing to consider

13  this fact – was clearly erroneous. *Tommy Hilfiger*, 80 F.3d at 754.

14  ████████████████████████████████████

15  ██████████████████████████████ (Venezia Decl., Exh.

16  B (Han Depo.), P. 139:9–140:8 & Exh. 101; Exh. A (Sheehan Depo.), PP. 92:16–

17  93:8 & Exh. 52.) ███████████████████████

18  ████████████████████████████████████

19  ████████████████████████████

20  █████████████████████ In summary:

21  •   Dropbox's Supernova press release refers to Smart Sync nine times,

22      and in seven of those nine instances Smart Sync is not preceded by

23      Dropbox. (*Id.* at Exh. D (Houston Depo.), Exh. 144.)

24  •   The home screen for Dropbox's website refers to its software only as

25      Smart Sync. (*Id.* at ¶ 6 & Exh. E.)

26  _____

27  █████████████████████████████████

    ███████████████████ (Venezia Decl., Sheehan Depo, PP. 70:10–

28  71:18 & Exh. 49.)

1262028.4

-17-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

- On Dropbox's Smart Sync page, 11 of the 12 references to Smart Sync are without Dropbox preceding the name, including the link to "Get Smart Sync." (*Id.* at ¶ 7 & Exh. F.)

- The embedded video appearing on that page never precedes its use of Smart Sync with Dropbox. (*Id.* at ¶ 8.)

- Until on or about May 30, 2019, once you clicked on the "Get Smart Sync" link, you were taken to a list of plans that you could purchase, and where Smart Sync was referenced, it was not preceded by Dropbox. (*Id.* at ¶ 9 & G.)

- Once you purchase and install a Dropbox plan with Smart Sync, within the software, where Smart Sync is referred to, it is not preceded by Dropbox. (*Id.* at ¶ 10.)

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████

## VI.   **CONCLUSION**

For the foregoing reasons, this Court should grant partial summary judgment in favor of Ironhawk on Dropbox's advice of counsel defense.

Dated:  June 17, 2019                    BROWNE GEORGE ROSS LLP

                                         Keith J. Wesley
                                         Lori Sambol Brody
                                         Matthew L. Venezia

                                 By:     */s/ Matthew L. Venezia*

                                         Attorneys for Plaintiff and Counterdefendant
                                         Ironhawk Technologies, Inc.

1284685.1

-18-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE

1

2
## **CERTIFICATE OF SERVICE**

3
I hereby certify that on this 17th day of June, 2019, I electronically filed the

4
foregoing **PLAINTIFF IRONHAWK TECHNOLOGIES, INC'S. NOTICE OF**

5
**MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON**

6
**DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE** with the Clerk of the

7
Court using the CM/ECF system which will send notification of such filing to the

8
following: **SEE SERVICE LIST ATTACHED**

9

10
_____

11
Andrea A. Augustine

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

### *Ironhawk Technologies, Inc. vs. Dropbox, Inc.*
**USDC CD CA Case No. 2:18-cv-01481-DDP(JEMx)**

| | |
|---|---|
| Jennifer Lee Taylor<br>Sabrina A. Larson<br>Esther Kim Chang<br>Nicolas T. Herrera<br>Joyce Liou<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105<br>Telephone:   415.268.7000<br>Facsimile:   415.268.7522<br>Email:<br>     jtaylor@mofo.com;<br><br>     slarson@mofo.com<br>        echang@mofo.com<br>        nherrera@mofo.com<br>        jliou@mofo.com<br><br>     Dropbox  MoFo@mofo.com | Attorneys for Defendant and<br>Counterclaimant<br>Dropbox, Inc. |

Wendy J. Ray
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  213.892.5200
Facsimile:   213.892.5454
Email:       wray@mofo.com


Nicholas Ham
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304
Telephone:  650.813.5600
Facsimile:   650.494.0792
E-mail:       nham@mofo.com


David H. Kramer
WILSON SONSINI GOODRICH
& ROSATI, P.C.
650 Page Mill Road
Palo Alto, California  94304
Telephone:  650.493.9300
Facsimile:   650.565.5133
E-mail:
     dkramer@wsgr.com

-20-

PLAINTIFF IRONHAWK TECHNOLOGIES, INC. 'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DROPBOX, INC.'S ADVICE OF COUNSEL DEFENSE