BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>       Plaintiff and Counterdefendant,<br><br>vs.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>       Defendant and Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM<br>The Hon. Dean D. Pregerson<br><br>**MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF ANY MOTIVE OR INTENT OF PLAINTIFF IRONHAWK TECHNOLOGIES, INC. IN BRINGING THIS ACTION; DECLARATION OF LORI SAMBOL BRODY IN SUPPORT THEREOF**<br><br>Judge: Hon. Dean D. Pregerson<br>Date: October 7, 2019<br>Time: 10:00 a.m.<br>Ctrm,: 9C<br><br>Trial Date: October 22, 2019<br>Final Pre-Trial Conf.: October 7, 2019 |

**REDACTED VERSION – PROPOSED**

**TO BE FILED UNDER SEAL**

PLEASE TAKE NOTICE that, on October 7, 2019 at 10:00 a.m., or as soon thereafter as it may be heard, in Courtroom 9C of the above-titled Court, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Dean D. Pregerson presiding, plaintiff and counterdefendant Ironhawk Technologies, Inc. ("Ironhawk") will, and hereby does, brings this Motion *in Limine* No. 3 to exclude evidence of Ironhawk's purported intent in filing this action (the "Motion").

This Motion will be made pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. The Motion is based on the following grounds:

- Evidence of Ironhawk's intent in filing this lawsuit is irrelevant to its claims for trademark infringement and common law unfair competition as it is not an element of either claim.
- Evidence of the intent of the plaintiff in filing the lawsuit is irrelevant to Dropbox's defense of unclean hands. It is a time-honored rule that, in a trademark case, the conduct contended to be "unclean" must relate to the subject matter of plaintiff's claims, e.g., relating to the attaining or using the trademark at issue – and *the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for the defense.*
- Even if the evidence were in any way probative (it is not), such probative value would be outweighed by a danger of undue prejudice, confusing the issues, and misleading the jury.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declaration of Lori Sambol Brody, and the exhibits thereto, all documents filed in this case, and any other evidence and argument the Court may consider.

///
///
///

1      The Motion is made following a L.R. 7-3 conference of counsel that occurred on September 9, 2019.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By:     */s/ Lori Sambol Brody*
          Lori Sambol Brody
Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ironhawk Technologies, Inc. ("Ironhawk"), a small technology company, obtained a registration for the mark SmartSync® in 2007 for use in computer software. But in late 2016 and early 2017, Defendant Dropbox, Inc. ("Dropbox"), knowing of Ironhawk's registration and prior use of the trademark, decided, with all the hubris of a large company used to getting its way, to cavalierly use the name Smart Sync for its own software product.

Despite Dropbox's using an almost identical name and its knowing infringement of Ironhawk's trademark, Dropbox has contended that it – not Ironhawk – is the victim here. Dropbox has made it clear that it intends to argue, elicit testimony, and introduce evidence at trial that Ironhawk had an improper or bad faith motive in bringing this action: that Ironhawk, a failing or struggling business with sagging revenues (according to Dropbox), has only brought this action as part of a pattern of extortion, to obtain a "windfall" or make money, or as a "revenue source."

Dropbox attempts to introduce this irrelevant and inadmissible evidence, testimony, and argument only to bias the jury against Ironhawk and prejudice Ironhawk's claims. Such evidence, testimony, and argument should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence:

- Evidence of Ironhawk's intent in filing this lawsuit is irrelevant to its claims for trademark infringement and common law unfair competition as it is not an element of either claim.
- Evidence of the intent of the plaintiff in filing the lawsuit is irrelevant to Dropbox's defense of unclean hands. It is a time-honored rule that, in a trademark case, the conduct contended to be "unclean" must relate to the subject matter of plaintiff's claims, e.g., relating to the attaining

or using the trademark at issue – and *the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for the defense.*

- Even if the evidence were in any way probative (it is not), such probative value would be outweighed by a danger of undue prejudice, confusing the issues, and misleading the jury.

Ironhawk respectfully requests that this Court grant this motion *in limine*.

## II. EVIDENCE AND ARGUMENT TO BE EXCLUDED

Dropbox has previously argued that Ironhawk has an improper or nefarious motive for filing this action, e.g., characterizing Ironhawk as, variously, a defunct or struggling business, or with little revenue, and therefore Ironhawk has filed this trademark infringement action to extort Dropbox, to obtain a "windfall," to obtain a "revenue source," or to make money. For example, in its motion for summary judgment (Dkt. 91-1), Dropbox contended:

- "This trademark case lays bare Ironhawk's pattern of trying to extort windfall damages from successful businesses under the guise of consumer confusion, where the evidence is clear absolutely none exists. Ironhawk is a struggling company . . ." Dkt. 91-1 at 7.
- "Ironhawk's business is failing . . ." Dkt. 91-1 at 10.
- "Ironhawk candidly admitted that in filing suit, it was seeking an additional 'revenue source' for its failing company." Dkt. No. 91-1 at 12.

Even during the meet and confer concerning the subjects of the parties' motions *in limine*, Dropbox mentioned that Ironhawk was a "defunct business" and had "no customers" (both of which are demonstrably wrong). Declaration of Lori Sambol Brody ("Brody Decl.") ¶ 2.

In furtherance of this misplaced theme, Dropbox has indicated that it will seek to introduce at trial Exhibit 333, a June 10, 2017 email from David Gomes to Eric

Lastition, a former shareholder, attaching a 2016 Ironhawk shareholder update ("Exhibit 333"). In this email, Mr. Gomes updated Mr. Lastition as to the finances of Ironhawk since January 2017, stating, *inter alia*, "Addendum to this is . . . the potential lawsuit against Dropbox and Salesforce.com for stealing our registered trademark SmartSync® which is another revenue source as well as the opening of more acquisition avenues."[1] Brody Decl. ¶ 3, Ex. A (Exhibit 333; IRONHAWK-D_000046389-000046394); *see also* ¶ 4, Ex. B (March 21, 2019 deposition) at 357:11-359:1.

Therefore, Ironhawk requests this Court to exclude the following arguments or evidence:

- Exhibit 333;
- Evidence and/or argument concerning a similar case Ironhawk brought against Salesforce concerning the SmartSync® mark (which settled) as part of an scheme or pattern of extortion by bringing lawsuits;
- Evidence and/or argument stating that this action was filed to extort Dropbox, to obtain a "windfall," that the action is a "revenue source," or to "make money," or anything similar that explicitly or impliedly states that Ironhawk had a nefarious or improper motive in bringing the case other than defending Ironhawk's intellectual property rights;
- Evidence and/or argument characterizing Ironhawk as a defunct or struggling business, with little or no revenue.

## III. ARGUMENT

### A. The Court May Exclude Argument and Evidence as to Ironhawk's Purported Motive or Intent in Filing this Action.

"Although the Federal Rules of Evidence do not explicitly authorize a motion

---

[1] To be clear, by this motion *in limine*, Ironhawk does not seek to exclude the attachment to Exhibit 333, the 2016 Ironhawk shareholder update, only the cover email. This shareholder update is Exhibit 332.

*in limine*, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials." *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2012 WL 960459, *1 (D. Nev. Mar. 21, 2012), *citing Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

"The purpose of a motion *in limine* is to ask the court to rule on evidentiary issues in advance of trial . . .." *Dae Kon Kwon v. Costco Wholesale Corp.*, 2010 WL 571941, *3 (D. Haw. Feb. 17, 2010) *citing Bradley v. Pittsburgh Bd. of Educ.*, 913 F. 2d 1064, 1069 (3d Cir. 1990); *Lee v. City of Columbus, Ohio*, 2010 WL 333665, *1 (S.D. Ohio Jan. 21, 2010). "This serves to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-McNab v. County of Merced*, 2011 WL 94424 (E.D. Cal. Jan. 11, 2011), *citing Brodit v. Cambra*, 350 F. 3d 985, 1004–05 (9th Cir. 2003).

"Motions *in limine* may also serve to save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses." *Id.*, *citing United States v. Tokash*, 282 F. 3d 962, 968 (7th Cir. 2002). The Court is not limited to prohibiting the introduction of certain documents or information into evidence but may also prohibit any mention of the excluded evidence in opening statements, during trial, or in argument to the jury. *Benedi v. McNeal-P.P.C., Inc.*, 66 F. 3d 1378, 1384 (4th Cir. 1995).

**B.  Argument and Evidence of Ironhawk's Purported Motive or Intent Is Irrelevant.**

Evidence is only relevant if it has a tendency to make a fact of consequence more or less probable. FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402. Ironhawk's intent in bringing this lawsuit is not relevant either to Ironhawk's claims or Dropbox's defenses, and thus must be excluded.

The intent of the plaintiff in bringing a trademark infringement is not an

element of either Ironhawk's trademark infringement or California common law unfair competition claim. *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) (a trademark infringement claim requires plaintiff to show "1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion."); *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act"); *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890, 897 (C.D. Cal. 2014) (test for Lanham Act trademark infringement and common law unfair completion involving trademarks are the same). Therefore, even if it were true, Ironhawk's purported improper purpose of filing this case does not have a tendency to make any fact of consequence more or less probable, and any evidence or argument of this intent does not meet the standards for relevancy and admissibility. *See* FED. R. EVID. 401, 402, 403.

Nor is the evidence this motion *in limine* seeks to exclude relevant to *any* of Dropbox's defenses. The only defense that this evidence may conceivably be relevant to is "unclean hands"[2] (Dkt. 17 at 9) – but the unclean hands defense does not apply here.

To establish an unclean hands defense, a defendant must show that "plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847. In other words, to relate to the subject matter of plaintiff's claims, the allegedly

---

[2] Dropbox also asserts the "defenses" of failure to state a claim, fair use, misrepresentation of material facts, laches, estoppel, waiver, statute of limitations, acquiescence, lack of intent, good faith, failure to mitigate, and absence of damages. Dkt. 17.

"unclean hands" conduct must "relate to the getting or using the alleged trademark rights." *Monster Energy Co. v. Thunder Beast LLC*, 2018 WL 6431010, at *3 (C.D. Cal. Oct. 22, 2018); J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition* ("*McCarthy*") § 31:51 (5th ed. 2016). For example, "unclean hands" may arise where plaintiff has fraudulently obtained a trademark or where plaintiff has used the trademark to deceive customers – conduct which Dropbox does not allege here. *Amusement Art, LLC v. Life is Beautiful, LLC*, 2016 WL 6998566, at *4 (C.D.Cal. Nov. 29, 2016), *aff'd* 768 Fed.App'x 683 (9th Cir. 2019); *Blue Mako Incorporated v. Minidis*, 2008 WL 11334205, at *11 (C.D. Cal. June 23, 2008).

It is well-established, however, that the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for an unclean hands defense to that lawsuit since the act of bringing a lawsuit does not "relate to the getting or using the alleged trademark rights," i.e., is not the subject matter concerning which plaintiff seeks relief. *Monster Energy*, 2018 WL 6431010, at *3 (striking unclean hands defense where it was solely premised on plaintiff's filing of the action.); *Adidas Am., Inc. v. TRB Acquisitions LLC*, 2017 WL 337983, at *8 (D. Or. Jan. 23, 2017) (holding that unclean hands defense fails as a matter of law since plaintiff's misrepresentations to the court as to the trademark rights they owned were "related to Plaintiff's enforcement of its trademark and thus are unrelated to 'getting or using' that trademark."); *Coach Inc. v. Kmart Corporations*, 756 F.Supp.2d 421, 429-30 (S.D.N.Y. 2010) (striking unclean hands defense where it was based on plaintiff's bringing a lawsuit knowing that the goods were not counterfeit); *Yurman Design, Inc. v. Golden Treasure Imports, Inc.*, 275 F.Supp.2d 506, 518, *recon. denied* 218 F.R.D. 396 (S.D.N.Y. 2003) (holding that plaintiff's alleged bad faith in bringing "frivolous and unfounded" trade dress infringement claims could not be the basis of an unclean hands defense to those claims); *McCarthy*, § 31:51 (5th ed. 2016).

Here, *Monster*, *Adidas*, and the additional authority cited above are controlling, and Dropbox cannot demonstrate that Ironhawk's intent in filing this action supports its unclean hands defense. Ironhawk's purported bad faith intent does not relate to the subject matter of this action, i.e., Ironhawk's registration or use of the SmartSync® trademark. Therefore, any evidence or argument of improper intent should be excluded as inadmissible and irrelevant.

Moreover, it is difficult to imagine a situation where a nefarious or improper motive can be derived based on plaintiff's seeking monetary compensation in filing a lawsuit, no matter the financial status of plaintiff, as Dropbox asserts. Almost all lawsuits are based on the goal of obtaining at least some monetary compensation for defendant's wrongdoing and plaintiff's injury. Here, there is no impropriety in Ironhawk seeking the same, especially where Ironhawk has a registered trademark, SmartSync®, and Dropbox is using the confusingly similar term Smart Sync for its similar product. Nor is the financial status of a plaintiff relevant to whether a plaintiff can assert its legal rights – a plaintiff need not have certain amount of revenues, or be adjudged a successful business, as a threshold to pursue a lawsuit. There is absolutely no relevance to cast Ironhawk as having an improper motive in seeking to obtain the relief that it is entitled to under the law.

Therefore, since Ironhawk's alleged improper motive in bringing this lawsuit does not make a fact of consequence more or less probable in this action, any evidence, argument, or testimony on this issue must be excluded.

### C. **Any Probative Value of Evidence of Ironhawk's Purported Motive or Intent Is Outweighed by the Danger of Unfair Prejudice, Confusing the Issues, and Misleading the Jury and Thus Must Be Excluded.**

Assuming, *arguendo*, that argument or evidence purporting to show that Ironhawk had a purported improper motive was in any way relevant (it is not), it may be excluded if its "probative value is substantially outweighed by a danger of . .

. unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is "unfairly prejudicial" if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the party apart from its judgment as to the party's liability. *See United States v. Johnson*, 820 F. 2d 1065, 1069 (9th Cir. 1987). Unfair prejudice is measured "by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable[.]" *Id.*

Dropbox has already made incendiary allegations in papers to the Court that Ironhawk, due to its allegedly failing or struggling business, has filed this action in order to extort Dropbox or obtain a "windfall" in damages. Its allegations of Ironhawk's purported nefarious motive in an attempt to paint Ironhawk in a bad light would provoke a negative response on the part of the jury. This could unduly bias the jury against Ironhawk, a prejudice unrelated to the relevant facts and law at issue. This may cause the jury to ignore the law and the facts presented at trial – e.g., that Ironhawk has registered the trademark that Dropbox now uses – or the jury may be misled that Ironhawk's motive or financial condition is an element of the claims and defenses, when it is not.

This prejudice is substantially outweighs the probative value of the evidence at issue, which at the most is slight. Therefore, any evidence or argument concerning Ironhawk's motive in bringing this action must be precluded under Rule 403.

## IV. CONCLUSION

For the foregoing reasons, Ironhawk requests that this Court exclude any evidence or argument introduced by Dropbox concerning Ironhawk's purported scheme or pattern of extortion by bringing lawsuits, that the lawsuit was filed to obtain a "windfall," that the action is a "revenue source," or to "make money,"

including Exhibit 333, characterizing Ironhawk as a defunct or struggling business with little or no revenue.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Lori Sambol Brody
    Matthew L. Venezia

By:    */s/ Lori Sambol Brody*
       Lori Sambol Brody
Attorneys for Plaintiff and Counterdefendant Ironhawk Technologies, Inc.

# DECLARATION OF LORI SAMBOL BRODY

I, Lori Sambol Brody, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am an attorney with Browne George Ross LLP, counsel of record for Plaintiff and Counterdefendant Ironhawk Technologies, Inc. in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. The attorneys for both parties met and conferred on the relief requested in this motion *in limine* on September 9, 2019, via telephone. During this conversation, Dropbox's counsel mentioned that Ironhawk was a "defunct business" and had "no customers." I participated in this phone call. We were unable to come to an agreement concerning this motion.

3. A true and correct copy of a June 10, 2017 email from David Gomes to Eric Lastition (IRONHAWK-D_000046389-000046394) is attached hereto as Exhibit A. This document has been designated on the Joint Exhibit List as Exhibit 333.

4. True and correct of relevant pages from the March 21, 2019 deposition of Ironhawk's Rule 30(b)(6) witness are attached as Exhibit B.

Executed this 16th day of September 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Lori Sambol Brody*
Lori Sambol Brody

# Exhibit A –

## Redacted in its Entirety

## Conditionally Filed Under Seal

1184262.1

# Exhibit B
# Redacted in its Entirety
# Conditionally Filed Under Seal

1184262.1