BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　vs.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>　　　　Defendant and Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM<br>The Hon. Dean D. Pregerson<br><br>**MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING FABRICATION OF EVIDENCE; DECLARATION OF LORI SAMBOL BRODY IN SUPPORT THEREOF**<br><br>Judge:　Hon. Dean D. Pregerson<br>Date:　　October 7, 2019<br>Time:　　10:00 a.m.<br>Ctrm:　　9C<br><br>Trial Date: October 22, 2019<br>Final Pre-Trial Conf. : October 7, 2019 |

## REDACTED VERSION – PROPOSED

## TO BE FILED UNDER SEAL

1  PLEASE TAKE NOTICE that, on October 7, 2019 at 10:00 a.m., or as soon
2  thereafter as it may be heard, in Courtroom 9C of the above-titled Court, located at
3  350 West 1st Street, Los Angeles, California 90012, the Honorable Dean D.
4  Pregerson presiding, plaintiff and counterdefendant Ironhawk Technologies, Inc.
5  ("Ironhawk") will, and hereby does, brings this Motion *in Limine* No. 4 to exclude
6  evidence and argument concerning fabrication of evidence (the "Motion").

7  This Motion will be made pursuant to Rules 401, 402, and 403 of the Federal
8  Rules of Evidence. The Motion is based on the following grounds:

- Evidence of a false narrative of fabrication of evidence, including the purported fabrication of evidence in April 2017 emails, is irrelevant to Ironhawk's claims. Nor will Ironhawk introduce the April 2017 emails at trial.
- Evidence of the purported fabrication of evidence is irrelevant to Dropbox's defense of unclean hands. It is well-established that, in a trademark case, the conduct contended to be "unclean" must relate to the subject matter of plaintiff's claims, e.g., relating to the attaining or using the trademark at issue – and *the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for the defense.*
- Even if the evidence were in any way probative (it is not), such probative value in introducing evidence and testimony to create a false narrative would be outweighed by a danger of undue prejudice, confusing the issues, misleading the jury, and wasting time.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declaration of Lori Sambol Brody, and the exhibits thereto, all documents filed in this case, and any other evidence and argument the Court may consider.

1  The Motion is made following a L.R. 7-3 conference of counsel that occurred
2  on September 9, 2019.
3
4  Dated: September 16, 2019          BROWNE GEORGE ROSS LLP
5                                      Keith J. Wesley
                                       Lori Sambol Brody
6                                      Matthew L. Venezia
7
                                       By:   */s/ Lori Sambol Brody*
8                                            Lori Sambol Brody
                                       Attorneys for Plaintiff and Counterdefendant
9                                      Ironhawk Technologies, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1340030.1                              - 2 -                 Case No. 2:18-cv-01481-DDP-JEM
MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING FABRICATION OF
EVIDENCE; DECLARATION OF LORI SAMBOL BRODY IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ironhawk Technologies, Inc. ("Ironhawk"), a small technology company, obtained a registration for the mark SmartSync® in 2007 for use in computer software. But in late 2016 and early 2017, Defendant Dropbox, Inc. ("Dropbox"), knowing of Ironhawk's registration and prior use of the trademark, decided, with all the hubris of a large company used to getting its way, to cavalierly use the name Smart Sync for its own software product. When Ironhawk discovered that Dropbox was using Smart Sync, it obtained emails from business partners wherein the partners discussed their concerns about another company using Ironhawk's trademark.

Despite Dropbox's using an almost identical name and its knowing infringement of Ironhawk's trademark, Dropbox has contended that it – not Ironhawk – is the victim here. Dropbox has made it clear that it intends to argue, elicit testimony, and introduce evidence at trial that supports a false narrative that Ironhawk "fabricated" evidence of actual confusion by "ghostwriting" the emails for its business partners.

Dropbox attempts to introduce this irrelevant and inadmissible evidence, testimony, and argument only to bias the jury against Ironhawk and prejudice Ironhawk's claims. Such evidence, testimony, and argument should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence:

- Evidence of a false narrative of fabrication of evidence, including the purported fabrication of evidence in April 2017 emails, is irrelevant to Ironhawk's claims. Nor will Ironhawk introduce the April 2017 emails at trial.
- Evidence of the purported fabrication of evidence is irrelevant to Dropbox's defense of unclean hands. It is well-established that, in a trademark case, the conduct contended to be "unclean" must relate to

the subject matter of plaintiff's claims, e.g., relating to the attaining or using the trademark at issue – and *the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for the defense.*

- Even if the evidence were in any way probative (it is not), such probative value in introducing evidence and testimony to create a false narrative would be outweighed by a danger of undue prejudice, confusing the issues, misleading the jury, and wasting time.

Ironhawk respectfully requests that this Court grant this motion *in limine.*

## II. STATEMENT OF FACTS

In or around April 2017, David Peyton, an employee at IBM, one of Ironhawk's partners, had a telephone conversation with David Gomes, the President of Ironhawk. During this conversation, Mr. Peyton told Mr. Gomes that he had heard that Dropbox had a product called Smart Sync and he believed that it was a threat to their joint sales. Declaration of Lori Sambol Brody ("Brody Decl.") Ex. A (Peyton Salesforce Depo.) at 11:2-16; 114:5-116:15; Ex. B (Ironhawk 30(b)(6) Depo.) at 381:2-383:4; Ex. C (Peyton Depo.) at 196:12-197:25. Mr. Gomes asked Mr. Peyton to memorialize his concerns about other's use of the Ironhawk's trademark. *Id.* at Ex. A (Peyton Salesforce Depo.) at 12:5-13:24; 132:7-133:9; 156:20-24; Ex. B (Ironhawk 30(b)(6) Depo.) at 381:2-383:4; Ex. C (Peyton Depo.) at 197:1-25. Since Mr. Peyton was busy, he told Mr. Gomes that he did not have time to memorialize the conversation and asked him to "ghostwrite" an email that he could send back to him, a request that Mr. Gomes agreed to. *Id.* at Ex. C (Peyton Depo.) at 197:10-14; Ex. A (Peyton Salesforce Depo.) at 219:16-22.

On April 26, 2017, Mr. Gomes sent Mr. Peyton a draft email titled "DRAFT Ghost Written Letter" that summarized Mr. Peyton's concerns. *See* Brody Decl. Ex. D. Mr. Peyton reviewed the email, added information that he felt was relevant, and then sent a revised version back to Mr. Gomes. *Id.* at Ex. A (Peyton Salesforce

Depo.) at 13:2-4; Ex. E. He took "a lot of time to vet what he had wrote to ensure that it was not conflicting with the truth." *Id.* at Ex. A (Peyton Salesforce Depo.) at 132: 24-133:3.

Another partner representative, Susan Indermill, of CACI, also broached her concerns about other entities using the same name as Ironhawk in a telephone call with Mr. Gomes. Brody Decl. Ex. F (Indermill Depo.) at 75:2-78:4, 100:13-101:11. She too asked Mr Gomes to draft a summary of the concerns she expressed in the phone call. *Id.* at 95:7-10; 100:13-101:11. Mr. Gomes sent her a draft of an email. *Id.* at 100:13-101:11, Ex. G. She testified at deposition that she agreed with everything in the email, and that the email reflected what she told him. *Id.* at Ex. F at 98:12-16; 101:22-102:18, 131:1-3. She sent him back the email. *Id.* at 102:19-103:6; Ex. H.

Mr. Gomes also asked another partner representative, Doug Stanley, to memorialize similar concerns. Brody Decl. Ex. B (Ironhawk 30(b)(6) Depo.) at 381:5-384:4; 376:6-377:3. He drafted an email for Mr. Stanley; Mr. Stanley reviewed the email and sent a version back. *See id.* at Exs I-J.

Mr. Gomes then forwarded the three emails from Mr. Peyton, Ms. Indermill, and Mr. Stanley to Rupinder Gill, Ironhawk's chief of technology (together all of these emails are referred to herein as the April 2017 Emails" or the "Emails"). *See id.* at Ex. K.

### III. EVIDENCE AND ARGUMENT TO BE EXCLUDED

During the pendency of this action, Dropbox has claimed a false narrative that all of the evidence of confusion that Ironhawk has submitted is fabricated, including the April 2017 Emails. In its motion for summary judgment, Dropbox argued:

- "Ironhawk . . . even fabricated documentation of confusion where none exists." Dkt. 91-1 at 7.
- "Ironhawk has fabricated evidence in an attempt to demonstrate actual confusion. Ironhawk points to three emails to show that Ironhawk's

purported customers were confused by Dropbox's use of the term Smart Sync. But discovery has revealed that these allegations are demonstrably false. The emails were ghost-written by *Ironhawk's* CEO, David Gomes, who provided draft emails to the alleged customers for them to send back to him." Dkt. 91-1 at 7, 12.

Dropbox also claims that this purported fabrication of evidence supports Dropbox's unclean hands defense:

> Ironhawk has acted with unclean hands in ghostwriting multiple emails that it then claims evidence confusion, in falsely asserting that there are customers of Ironhawk who have experienced confusion when there are not, and in filing multiple lawsuits relying on this fake evidence of "confusion."

Brody Decl. Ex. L (Rog responses) at 5.

Ironhawk, by this motion *in limine*, thus seeks to preclude any testimony, evidence, or argument that supports a false narrative that the April 2017 Emails are fabricated or falsified. The following April 2017 Emails are subject to this motion:

- The April 27, 2017 email from Mr. Gomes to Ms. Indermill: Exhibits 161 (CACI-000002), 350 (IRONHAWK-D_000035112), 731 (IRONHAWK-D_000046241); *see* Brody Decl. Ex. G;
- The April 27, 2017 email from Ms. Indermill to Mr. Gomes: Exhibits 160 (CACI-000001), 176 (CACI-000517/IRONHAWK-D_000052094), 651 (IRONHAWK-D_000035122), 1033 (IRONHAWK-D_000046247); *see* Brody Decl. Ex. H;
- The April 26, 2017 email from Mr. Gomes to Mr. Peyton: Exhibits 349 (IRONHAWK-D_00035111), 477 (IRONHAWK-D_000035111), 482 (IRONHAWK-D_000040008 / IRONHAWK-D_000052139); *see* Brody Decl. Ex. D;
- The April 27, 2017 email from Mr. Peyton to Mr. Gomes: Exhibits 478

(IRONHAWK-D_000035123-000035124), 481 (IRONHAWK-D_000017577-000017578 / IRONHAWK-D_000052137-000052138), 1035 (IRONHAWK-D_000049630); *see* Brody Decl. Ex. E;

- The April 26, 2017 email from Mr. Gomes to Mr. Stanley: Exhibit 348 (IRONHAWK-D_000035110); *see* Brody Decl. Ex. I;
- The April 26, 2017 email from Mr. Stanley to Mr. Gomes: Exhibits 539 (Stanley Ex. 25), 834 (IRONHAWK-D_000035121), 1033 (IRONHAWK-D_000046246); *see* Brody Decl. Ex. J; and
- April 26 and 27, 2017 emails from Mr. Gomes to Mr. Gill, forwarding the above emails: Exhibits 363-365 (IRONHAWK-D_000035113-000035114, IRONHAWK-D_000035119-000035120, IRONHAWK-D_000035117-000035118), 1453 (IRONHAWK-D_000046256); *see* Brody Decl. Ex. K.

## IV. ARGUMENT

### A. The Court May Exclude Argument and Evidence as to Ironhawk's Purported Fabrication of Evidence.

"Although the Federal Rules of Evidence do not explicitly authorize a motion *in limine*, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials." *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2012 WL 960459, *1 (D. Nev. Mar. 21, 2012), *citing Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

"The purpose of a motion *in limine* is to ask the court to rule on evidentiary issues in advance of trial . . . ." *Dae Kon Kwon v. Costco Wholesale Corp.*, 2010 WL 571941, *3 (D. Haw. Feb. 17, 2010) *citing Bradley v. Pittsburgh Bd. of Educ.*, 913 F. 2d 1064, 1069 (3d Cir. 1990); *Lee v. City of Columbus, Ohio*, 2010 WL 333665, *1 (S.D. Ohio Jan. 21, 2010). "This serves to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-McNab v. County of Merced*, 2011 WL

94424 (E.D. Cal. Jan. 11, 2011) *citing Brodit v. Cambra*, 350 F. 3d 985, 1004–05 (9th Cir. 2003).

"Motions *in limine* may also serve to save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses." *Id.*, *citing United States v. Tokash*, 282 F. 3d 962, 968 (7th Cir. 2002). The Court is not limited to prohibiting the introduction of certain documents or information into evidence but may also prohibit any mention of the excluded evidence in opening statements, during trial, or in argument to the jury. *Benedi v. McNeal-P.P.C., Inc.*, 66 F. 3d 1378, 1384 (4th Cir. 1995).

### B. Argument and Evidence of Ironhawk's Purported Fabrication of Evidence Is Irrelevant.

Evidence is only relevant if it has a tendency to make a fact of consequence more or less probable. FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402. Here, no evidence concerning the fabrication of evidence – i.e., the April 2017 Emails – is relevant to any fact of consequence in support of Ironhawk's presentation of its case or to Dropbox's defenses.

First, the false narrative that Dropbox intends to argue is simply not relevant. False characterizations of facts cannot have "a tendency to make a fact of consequence more or less probable."

Second, Ironhawk does not intend to introduce into evidence the April 2017 Emails or elicit any testimony concerning the Emails, i.e., that the Emails are evidence of actual confusion. Brody Decl. ¶ 14. Therefore, Dropbox has no need to introduce any evidence or seek testimony that implies that the Emails were ghostwritten or fabricated. To be sure, Ironhawk intends to introduce testimony of Mr. Peyton and Ms. Indermill to support its case in chief and to show likelihood of confusion between Ironhawk's SmartSync® and Dropbox's Smart Sync, but the testimony will not rely on the text of the April 2017 Emails.

Third, while Dropbox has indicated that evidence concerning fabrication of evidence supports its unclean hands defense, such evidence simply is not relevant to that defense.

To establish an unclean hands defense, a defendant must show that "plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847. In other words, to relate to the subject matter of plaintiff's claims, the allegedly "unclean hands" conduct must "relate to the getting or using the alleged trademark rights." *Monster Energy Co. v. Thunder Beast LLC*, 2018 WL 6431010, at *3 (C.D. Cal. Oct. 22, 2018); J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition* ("*McCarthy*") § 31:51 (5th ed. 2016). For example, "unclean hands" may arise where plaintiff has fraudulently obtained a trademark or where plaintiff has used the trademark to deceive customers – conduct which Dropbox does not allege here. *Amusement Art, LLC v. Life is Beautiful, LLC*, 2016 WL 6998566, at *4 (C.D.Cal. Nov. 29, 2016), *aff'd* 768 Fed. App'x 683 (9th Cir. 2019); *Blue Mako Incorporated v. Minidis*, 2008 WL 11334205, at *11 (C.D. Cal. June 23, 2008).

Dropbox's fabrication of evidence theory, however, does not "relate to the getting or using the alleged trademark rights" that are the subject of the action. Instead, Dropbox contends that Ironhawk improperly and in bad faith brought this lawsuit based on purported false evidence. It is well-established, however, that the allegedly unfair or improper filing of a trademark infringement lawsuit cannot itself constitute a basis for an unclean hands defense to that lawsuit. *Monster Energy*, 2018 WL 6431010, at *3 (striking unclean hands defense where it was solely premised on plaintiff's filing of the action.); *Adidas Am., Inc. v. TRB Acquisitions LLC*, 2017 WL 337983, at *8 (D. Or. Jan. 23, 2017) (holding that unclean hands defense fails as a matter of law since plaintiff's misrepresentations to the court as to the trademark rights they owned were "related to Plaintiff's enforcement of its

trademark and thus are unrelated to 'getting or using' that trademark."); *Coach Inc. v. Kmart Corporations*, 756 F.Supp.2d 421, 429-30 (S.D.N.Y. 2010) (striking unclean hands defense where it was based on plaintiff's bringing a lawsuit knowing that the goods were not counterfeit); *Yurman Design, Inc. v. Golden Treasure Imports, Inc.*, 275 F.Supp.2d 506, 518, *recon. denied* 218 F.R.D. 396 (S.D.N.Y. 2003) (holding that plaintiff's alleged bad faith in bringing "frivolous and unfounded" trade dress infringement claims could not be the basis of an unclean hands defense to those claims); *McCarthy*, § 31:51 (5th ed. 2016).

Here, *Monster*, *Adidas*, and the additional authority cited above are controlling, and Dropbox cannot demonstrate that Ironhawk's purported fabrication of evidence supports its unclean hands defense. Therefore, any evidence or argument of improper intent should be excluded as inadmissible and irrelevant.

**C. Any Probative Value of Purported Fabricated Evidence Is Outweighed by A Danger of Unfair Prejudice, Confusing the Issues, and Misleading the Jury and Thus Must Be Excluded.**

Assuming, *arguendo*, that argument or evidence of purported fabricated evidence is in any way probative (it is not), it may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is "unfairly prejudicial" if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the party apart from its judgment as to the party's liability. *See United States v. Johnson*, 820 F. 2d 1065, 1069 (9th Cir. 1987). Unfair prejudice is measured "by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable[.]" *Id.*

Here, introduction of such evidence would be in furtherance of a false narrative, and thus would be unduly prejudicial and mislead the jury. The evidence

1  demonstrates, as shown *supra*, that two of Ironhawk's partners, Mr. Peyton and Ms.
2  Indermill, informed Mr. Gomes of their concerns about other companies using
3  Ironhawk's trademark SmartSync® and asked Mr. Gomes to draft an email for them
4  summarizing these concerns. That Mr. Gomes wrote drafts of the emails or called
5  his email to Mr. Peyton "Ghost Written Letter" does not mean that Mr. Gomes
6  fabricated evidence – indeed, Mr. Peyton vetted the document for truthfulness and
7  revised the document and Ms. Indermill testified that she agreed with everything in
8  the email.
9        Therefore, should Dropbox be permitted to argue that the April 2017 Emails
10 were fabricated, contrary to the facts, the evidence may adversely affect the jury's
11 view of Mr. Gomes, leading to bias against Mr. Gomes and Ironhawk. This
12 evidence would also mislead the members of the jury, who may ignore the facts and
13 focus on Dropbox's erroneous characterization of the evidence as falsified.
14       Lastly, presentation of such evidence would waste time at trial, leading to a
15 mini-trial wherein the witnesses would be required to testify as to how and why the
16 April 2017 Emails were drafted, including each statement in the Emails, and that
17 Mr. Stanley and Ms. Indermill agreed with the substance of the Emails. Such
18 testimony would be tangential to the issues at trial, and may make the jury believe
19 that these Emails have more probative value than they do.
20       Thus, any evidence of purported fabrication of evidence, and the April 2017
21 Emails themselves, should be precluded under Rule 403.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## V. CONCLUSION

For the foregoing reasons, Ironhawk respectfully requests that this Court grant this motion *in limine* and preclude Dropbox from introducing any evidence or making any argument concerning a false narrative that Ironhawk has fabricated evidence.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Lori Sambol Brody
    Matthew L. Venezia

By:     */s/ Lori Sambol Brody*
          Lori Sambol Brody
Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

# DECLARATION OF LORI SAMBOL BRODY

I, Lori Sambol Brody, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am an attorney with Browne George Ross LLP, counsel of record for Plaintiff and Counterdefendant Ironhawk Technologies, Inc. in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. True and correct copies of relevant pages from the Sept. 7, 2018 deposition of David Peyton in the action *Ironhawk Technologies, Inc. v. Salesforce.com, Inc.*, U.S. District Court for the Central District of California, Case No. 2:17-cv-08277 are attached hereto as Exhibit A.

3. True and correct copies of relevant pages from the March 21, 2019 deposition of Ironhawk's Rule 30(b)(6) designee are attached hereto as Exhibit B.

4. True and correct copies of relevant pages from the June 11, 2019 deposition of David Peyton are attached hereto as Exhibit C.

5. A true and correct copy of an April 26, 2017 email from David Gomes to David Peyton (IRONHAWK-D_00035111), which has been marked as Trial Exhibit 349, is attached hereto as Exhibit D.

6. A true and correct copy of an April 27, 2017 email from Mr. Peyton to Mr. Gomes (IRONHAWK-D_000035123-000035124), which has been marked as Trial Exhibit 478, is attached hereto as Exhibit E.

7. True and correct copies of relevant pages from the April 4, 2019 deposition of Susan Indermill are attached hereto as Exhibit F.

8. A true and correct copy of an April 27, 2017 email from Mr. Gomes to Susan Indermill (CACI-000002), which has been marked as Trial Exhibit 161 is attached hereto as Exhibit G.

1  9. A true and correct copy of an April 27, 2017 email from Ms. Indermill to Mr. Gomes (CACI-000001), which has been marked as Trial Exhibit 160, is attached hereto as Exhibit H.

10. A true and correct copy of an April 26, 2017 email from Mr. Gomes to Douglas Stanley (IRONHAWK-D_000035110), which has been marked as Trial Exhibit 348, is attached hereto as Exhibit I.

11. A true and correct copy of an April 26, 2017 email from Mr. Stanley to Mr. Gomes (Stanley Depo. Ex. 25), which has been marked as Trial Exhibit 539, is attached hereto as Exhibit J.

12. A true and correct copy of an April 26, 2017 email from Mr. Gomes to Rupinder Gill (IRONHAWK-D_000035113), which has been marked as Trial Exhibit 363, is attached hereto as Exhibit K.

13. A true and correct copy of relevant pages from Dropbox's Second Amended Responses and Objections to Plaintiff's First Set of Interrogatories, dated March 25, 2019, are attached hereto as Exhibit L.

14. At trial, Ironhawk does not intend to introduce into evidence the April 2017 Emails or elicit any testimony concerning the Emails, i.e., that the Emails are evidence of actual confusion.

Executed this 16th day of September 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Lori Sambol Brody
Lori Sambol Brody