BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
 kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
 lbrody@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
 mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>           Plaintiff and Counterdefendant,<br><br>     vs.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>           Defendant and Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM<br>The Hon. Dean D. Pregerson<br><br>**MOTION *IN LIMINE* NO. 1 CONCERNING UNRELATED USES OF SMARTSYNC**<br><br>Judge:  Hon. Dean D. Pregerson<br><br>Trial Date: October 22, 2019<br>Final Pre-Trial Conf. : October 7, 2019 |

1339267.1

PLEASE TAKE NOTICE that, on October 7, 2019 at 10:00 a.m., or as soon thereafter as it may be heard, in Courtroom 9C of the above-titled Court, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Dean D. Pregerson presiding, plaintiff and counterdefendant Ironhawk Technologies, Inc. ("Ironhawk") will, and hereby does, bring this Motion *in Limine* No. 1 to exclude evidence and argument concerning unsubstantiated and hearsay evidence of third-party use of Ironhawk's SmartSync® mark, including but not limited to argument that prior use of the mark by any third party serves as a defense for Dropbox's infringement (the "Motion").

This Motion will be made pursuant to Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence, and the additional authorities cited herein. The Motion is based on the following grounds:

- Purported third-party use of Ironhawk's SmartSync® mark prior to Ironhawk is irrelevant to Ironhawk's trademark infringement claims, the only relevant consideration is whether Ironhawk has a superior right in the mark vis-à-vis Dropbox.
- While third-party use of a mark can potentially weigh on its strength, that is only true insofar as the use is in the same or a related industry, and Dropbox has no admissible evidence to establish such foundation for relevance of its third-party use evidence.
- The types of evidence Dropbox does have—Google and trademark search results and website printouts—has consistently been excluded on these grounds in infringement cases.
- Dropbox's Google and trademark search results and website printouts are inadmissible hearsay, as to be relevant, they must be offered to prove the truth of the matter asserted, *i.e.*, the nature and scope of purported third-party use of SmartSync®.
- Dropbox's unsubstantiated third-party use evidence is unduly

prejudicial being offered to confuse the jury and cause the jury to have negative feelings towards Ironhawk based upon purported third-party use that it has no ability to verify.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declaration of Matthew L. Venezia ("Venezia Decl."), all documents filed in this case, and any other evidence and argument the Court may consider.

The Motion is made following a L.R. 7-3 conference of counsel that occurred on September 9, 2019.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By: _*/s/Matthew L. Venezia*_
Matthew L. Venezia
Attorneys for Plaintiff and Counterdefendant Ironhawk Technologies, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dropbox chose to move forward with the Smart Sync name for its data management software with full knowledge that Ironhawk had sold its competing data management software under the SmartSync® mark for nearly 15 years. Unable to combat these condemning facts, Dropbox offers a series of excuses why it should not be held liable for its conduct—*e.g.*, and at issue in this Motion, a number of exhibits included in the Joint Exhibit List by Dropbox reflect purported third-party uses of "smart sync" without any admissible foundation as to the nature or extent of the use. In other words, Dropbox intends to argue at trial that because someone else has used or currently uses a variant of "smart sync," Dropbox should be allowed to do the same. But that is not the law.

As a threshold matter, prior use of a mark by a third party provides no defense in a trademark infringement action, all that is relevant is whether the plaintiff has a superior right in the mark vis-à-vis the defendant. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996). And while third-party use of a mark may be relevant to its strength, that is only true insofar as that third-party use is in a similar industry—thus the nature and scope of any such third-party use must be demonstrated. *Eclipse Assocs., Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th Cir. 1990)

Here, Dropbox failed to depose or serve any discovery requests to any of the third parties purportedly marketing products using variants of "smart sync," and its witness list does not identify a single witness from any of the purported third-party users of "smart sync." Thus, Dropbox will be completely unable to lay an appropriate foundation demonstrating the nature and scope of any third-party use of "smart sync," rendering such evidence inadmissible.

Further, the Google and trademark search results and website screenshots identified by Dropbox in the Joint Exhibit List are inadmissible hearsay. That is, for

these search results and website screenshots to be relevant they would have to be offered for the truth of the matter asserted—*e.g.*, a statement on a website that a product performs a certain function similar to SmartSync® would be offered as evidence that third party's product actually competes in the marketplace.

Presenting evidence in this manner is highly prejudicial here where serious dispute exists as to whether the purported third-party uses are in in a similar industry to Ironhawk, but Ironhawk would be unable to cross-examine the third-party declarants concerning the nature of their purported use of "smart sync." And Dropbox's attempt to present evidence of third-party use of "smart sync" in this indirect and summary manner is no mistake. Dropbox's spurious claims of third-party use include unrelated products such as an adjustable bed, waterfall pool controller, skin cream, and a clock synchronization system, and would crumble under individual examination of a declarant with personal knowledge of the use.

Accordingly, Ironhawk respectfully requests that the Court grant the Motion.

## II.  EXHIBITS TO BE EXCLUDED

Ironhawk seeks to exclude any testimony, evidence, or argument that third-party use of "smart sync" prior to Ironhawk invalidates Ironhawk's rights in the SmartSync® mark. Ironhawk further seeks to exclude any testimony, evidence, or argument concerning third-party uses of "smart sync" that are not supported by admissible foundation of the nature and extent of the use.

Such evidence includes, but is not limited to, Google search results, trademark search results, website printouts. Attached hereto as 'Exhibit A" is a list identifying such inadmissible evidence included by Dropbox in the Joint Exhibit List.

## III.  ARGUMENT

### A.  The Court May Exclude Irrelevant or Unsubstantiated Third-Party Use of "Smart Sync"

"Although the Federal Rules of Evidence do not explicitly authorize a motion

*in limine*, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials." *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2012 WL 960459, *1 (D. Nev. Mar. 21, 2012), *citing Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

"The purpose of a motion *in limine* is to ask the court to rule on evidentiary issues in advance of trial . . .." *Dae Kon Kwon v. Costco Wholesale Corp.*, 2010 WL 571941, *3 (D. Haw. Feb. 17, 2010) *citing Bradley v. Pittsburgh Bd. of Educ.*, 913 F. 2d 1064, 1069 (3d Cir. 1990); *Lee v. City of Columbus, Ohio*, 2010 WL 333665, *1 (S.D. Ohio Jan. 21, 2010). "This serves to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-McNab v. County of Merced*, 2011 WL 94424 (E.D. Cal. Jan. 11, 2011) *citing Brodit v. Cambra*, 350 F. 3d 985, 1004–05 (9th Cir. 2003).

"Motions *in limine* may also serve to save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses." *Id. citing United States v. Tokash*, 282 F. 3d 962, 968 (7th Cir. 2002). The Court is not limited to prohibiting the introduction of certain documents or information into evidence but may also prohibit any mention of the excluded evidence in opening statements, during trial, or in argument to the jury. *Benedi v. McNeal-P.P.C., Inc.*, 66 F. 3d 1378, 1384 (4th Cir. 1995).

**B. Unrelated and Unsubstantiated Third-Party Use of "Smart Sync" Is Irrelevant**

Evidence is only relevant if it has a tendency to make a fact of consequence more or less probable. FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402.

As a threshold matter, it is black letter law that "a third party's prior use of a trademark is not a defense in an infringement action." *Comm. for Idaho's High*

*Desert, Inc.*, 92 F.3d at 820. As the leading commentator on trademark law explains:

> "So long as plaintiff proves rights superior to defendant, that is enough. Defendant is no less an infringer because it is brought to account by a plaintiff whose rights may or may not be superior to the whole world. The plaintiff's speculative dispute with a third party does not concern the defendant."

J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 31:160 (5th ed. 2019). Accordingly, evidence of third-party use of the SmartSync® mark is irrelevant insofar as it provides no defense to Ironhawk's infringement claim against Dropbox.

Thus, third-party use of the SmartSync® mark may only potentially be relevant as to the mark's strength. That is true, however, only if the third-party use is in the same or a related industry as Ironhawk. *Rebelution, LLC v. Perez*, 732 F. Supp. 2d 883, 891–92 (N.D. Cal. 2010) ("Only uses within the relevant industry actually weaken the mark"), *citing Eclipse Assocs., Ltd.*, 894 F.2d at 1119 ("Evidence of other unrelated potential infringers is irrelevant to claims of trademark infringement and unfair competition under federal law."); *see also Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1211 (9th Cir. 2012) (agreeing with district court's rejection of argument that appellants' marks were weak because over 840 different companies used the mark or some variation thereof because only four of those entities were in the plaintiff's industry); *M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1087-88 (9th Cir. 2005) (affirming district court's exclusion of evidence of unrelated third-party marks).

For example, a tech company accused of infringing upon the Apple computer company's trade name cannot cite to the marketing efforts of the travel company Apple Vacations as evidence that Apple computer's mark is weak. Similarly, Dropbox here should be barred from submitting evidence of or argument regarding

third parties who use variations of the SmartSync® mark in industries unrelated to Ironhawk.

Applying the aforementioned general principles, courts have held that a defendant cannot rely on documents such as trademark search reports or internet search results that purport to show extensive use of a mark by third parties if the defendant does not also present corresponding evidence of the nature or scope of the third-party use referenced in those documents. *See Internet Specialties West, Inc. v. ISPWest*, 2006 WL 4568796, *1 (C.D. Cal. Sept. 19, 2006) (excluding printouts of website purporting to show third-party use of the mark at issue where defendant lacked corresponding testimony from someone with knowledge of the site); *Icon Enters. Int'l, Inc. v. Am. Prods. Co.*, 2004 WL 5644805, *31 (C.D. Cal. Oct. 7, 2004) (excluding Thomson and Thomson search report because no evidence of how marks were used and whether they were used in relevant industry); *Centraz Indus., Inc. v. Spartan Chem. Co.*, Inc., 77 U.S.P.Q. 2d 1698, 2006 WL 236413, *5 (TTAB 2006) ("The trademark search report is not credible evidence of the third-party uses or registrations listed in the report. . . Accordingly, the listings therein are not entitled to any probative value."); *Nat'l Football League v. Jasper Alliance Corp.*, 16 U.S.P.Q. 2d 1212, 1990 WL 354523, *4 n. 5 (TTAB 1990) ("[I]t is well settled that a search report does not constitute evidence of the existence of a registration or use of a mark").

Here, Dropbox has not served discovery requests to, deposed any representatives from, nor identified any witnesses on its witness list from any of the purported third-party users of "smart sync." (Venezia Decl., ¶ 2.) Instead, Dropbox attempts to rely on the same type of evidence—search results and website printouts—held to be irrelevant in *Internet Specialties West*, *Icon Enters. Int'l*, *Centraz Indus.*, and *Nat'l Football League*. Thus, Dropbox cannot lay the necessary foundation to establish the relevance of any of its exhibits meant to assert third-party use of "smart sync."

### C. Dropbox's Purported Evidence of Third-Party Use Is Hearsay

Hearsay is an out-of-court statement offered for the truth of the matter asserted in the statement. FED. R. EVID. 801(c). Hearsay evidence is generally inadmissible under the Federal Rules of Evidence.[1] FED. R. EVID. 801, 802.

The documentary evidence challenged herein—Google and trademark search results and printouts from websites—is inadmissible hearsay. It is being offered for the truth of the matter asserted therein, *i.e.*, that the results in the searches and website printouts evidence actual similar use of the SmartSync® mark. Therefore, even if the Court were to find that the challenged documentary exhibits were relevant, they still are inadmissible under Rule 802. *See, e.g., Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096, 1112 (N.D. Cal. 2008) ("When a search report is offered to prove what the report asserts, i.e., that a mark has been registered and that it is in commercial use, this is classic inadmissible hearsay."); *Internet Specialties*, 2006 WL 4568796, at *2 ("A crowded field of similar marks is only relevant if there are similar marks on similar goods. Print outs of websites are not likely to demonstrate that the goods offered are similar, and to the extent that they do, they are hearsay.").

### D. Dropbox's Purported Evidence of Third-Party Use Is Unduly Prejudicial and Likely to Mislead the Jury

Assuming *arguendo* that Dropbox's purported evidence of third-party use was in any way relevant (it is not), or not hearsay (it is), such evidence may be excluded if is "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *see also Benna v. Reeder Flying Serv., Inc.*, 578 F.2d 269, 274 (9th Cir. 1978) (affirming exclusion of

---

[1] It is Dropbox's burden to show that an exception to the rule against hearsay applies, thus allowing admissibility. *See Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 949–50 (E.D. Cal. 2013).

evidence related to parts of airplane engine unrelated to engine's failure as likely to confuse issues, mislead the jury, and undue delay and waste of time).

Here, there is serious risk that the jury could be confused or consider evidence as to the mere number of users of variants of "smart sync" to support Dropbox's argument that Ironhawk's SmartSync® is a descriptive mark, in contravention to the law. To be clear, it is no mistake that Dropbox failed to seek discovery or depose any representative from any purported third-party user of "smart sync"—in reality third-party use of "smart sync" variants in Ironhawk's industry is limited—and claims of widespread use collapse under close examination. The meritless nature of Dropbox's claims of third-party use is evidenced by the products cited to by Dropbox, including an adjustable bed, waterfall pool controller, skin cream, and a clock synchronization system. Thus, to allow such evidence to be presented in a manner that does not allow Ironhawk to meaningfully cross-examine concerning the purported uses would thus be patently unfair.

## IV.   CONCLUSION

For the reasons set forth above, Ironhawk respectfully requests that this Court issue an order *in limine* instructing Dropbox and its counsel that they may not solicit testimony concerning, introduce into evidence, refer to, or make any argument concerning unrelated or unsubstantiated third-party use of "smart sync," or that any such senior third-party use invalidates the SmartSync® mark.

Dated:  September 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By:   */s/Matthew L. Venezia*
          Matthew L. Venezia
Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2019, I electronically filed the foregoing **MOTION IN LIMINE NO. 1 CONCERNING UNRELATED USES OF SMARTSYNC** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

## SERVICE LIST

*Ironhawk Technologies, Inc. vs. Dropbox, Inc.*
**USDC CD CA Case No. 2:18-cv-01481-DDP(JEMx)**

| | |
|---|---|
| Jennifer Lee Taylor<br>Sabrina A. Larson<br>Esther Kim Chang<br>Nicolas T. Herrera<br>Joyce Liou<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105<br>Telephone:   415.268.7000<br>Facsimile:   415.268.7522<br>Email:   jtaylor@mofo.com<br>           slarson@mofo.com<br>           echang@mofo.com<br>           nherrera@mofo.com<br>           jliou@mofo.com<br>           Dropbox_MoFo@mofo.com | Attorneys for Defendant and Counterclaimant Dropbox, Inc. |
| Wendy J. Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017<br>Telephone:   213.892.5200<br>Facsimile:   213.892.5454<br>Email:   wray@mofo.com | |
| Nicholas Ham<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:   650.813.5600<br>Facsimile:   650.494.0792<br>E-mail:   nham@mofo.com | Attorney for Third Parties |

| | |
|---|---|
| Jeffrey M. Davidson<br>Matthew Q. Verdin<br>Rebecca A. Jacobs<br>Clara J. Shin<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, California  94105<br>Telephone:  415-591-6000<br>Facsimile:  415-591-6091<br>E-mail:     jdavidson@cov.com<br>            rjacobs@cov.com<br>            cshin@cov.com<br>            mverdin@cov.com | Attorneys for Defendant<br>and Counterclaimant<br>Dropbox, Inc. |

_____
Andrea A. Augustine