BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>       Plaintiff and Counterdefendant,<br><br>vs.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>       Defendant and Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM<br><br>**MOTION *IN LIMINE* NO. 2 REGARDING MICHEL (TUAN) PHAM**<br><br>Judge:  Hon. Dean D. Pregerson<br>Trial Date:  October 22, 2019<br>Final Pre-Trial Conf. :  October 7, 2019 |

1339261.1

1  PLEASE TAKE NOTICE that, on October 7, 2019 at 10:00 a.m., or as soon
2  thereafter as it may be heard, in Courtroom 9C of the above-titled Court, located at
3  350 West 1st Street, Los Angeles, California 90012, the Honorable Dean D.
4  Pregerson presiding, plaintiff and counterdefendant Ironhawk Technologies, Inc.
5  ("Ironhawk") will, and hereby does, bring this Motion *in Limine* No. 2 to exclude
6  Dr. Michel (Tuan) Pham's ("Pham") testimony concerning inadmissible third-party
7  uses of "smart sync" and Dr. Pham's opinion concerning whether Dropbox's use of
8  "Smart Sync" creates a likelihood of confusion with Ironhawk's SmartSync® mark.
9  (the "Motion").
10  This Motion will be made pursuant to Rules 401, 402, 403, 602, 703, 801, and
11  802 of the Federal Rules of Evidence, and the additional authorities cited herein.
12  The Motion is based on the following grounds:
13  • Pham is a marketing expert witness designated by Dropbox and lacks
14  personal knowledge to testify as a percipient witness concenring
15  purported third-party uses of "smart sync."
16  • Dropbox cannot use Pham as a vehicle to parrot otherwise inadmissible
17  evidence of third-party use of "smart sync"—as demonstrated in
18  Ironhawk's Motion *in Limine* No. 1—to the jury under the guise of
19  expert testimony.
20  • Pham's opinion that Dropbox's use of "Smart Sync" is unlikely to
21  cause a likelihood of confusion with Ironhawk's SmartSync® mark
22  invades the province of the Judge because Dr. Pham attempts to
23  substitute his own judgment for which factors weigh on the likelihood
24  of confusion, instead of considering the *Sleekcraft* factors. And because
25  Pham did not consider the *Sleekcraft* factors, his opinion will not assist
26  the jury.
27  The Motion is based on this Notice of Motion, the Memorandum of Points
28  and Authorities, the declaration of Matthew L. Venezia ("Venezia Decl."), all

1 | documents filed in this case, and any other evidence and argument the Court may
2 | consider.

The Motion is made following a L.R. 7-3 conference of counsel that occurred on September 9, 2019.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By:    */s/Matthew L. Venezia*
      Matthew L. Venezia
Attorneys for Plaintiff and Counterdefendant Ironhawk Technologies, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dropbox presents Pham purportedly as a marketing expert witness but in reality to parrot the legal arguments of its attorneys. Ironhawk does not dispute Pham's credentials as an academic in marketing, but those credentials do not allow Pham to substantiate asserted third-party use of "smart sync" for which he has no personal knowledge. Nor do those credentials allow Pham to substitute his own judgment as to whether customers are likely to be confused from a marketing or consumer psychology perspective for the *Sleekcraft* factors.

To begin, and subject to Ironhawk's Motion *in Limine* No. 1, Dropbox asserts that third-party use of "smart sync" variants weakens the SmartSync® mark. But Dropbox drastically overstates the third-party use of "smart sync," and as set forth in Motion *in Limine* No. 1, Dropbox's Google and trademark searches and website screenshots are inadmissible to substantiate third-party use of "smart sync." Having not sought discovery from a single third-party purportedly using "smart sync," and left without any avenue to lay a foundation as to the nature and scope of any purported third-party use of "smart sync," Dropbox attempts to turn Pham into a fact witness by having him testify concerning the nature and extent of third-party uses of "smart sync," as opposed to any opinion that he has reached.

Such testimony is not only improper—Pham has no personal knowledge aside from his review of the same inadmissible hearsay evidence addressed in Motion *in Limine* No.1—but highly prejudicial. That is, the alleged third-party uses of "smart sync" identified by Pham are largely for products serving entirely different purposes than SmartSync®, such as a clock synchronization system, skin cream, and waterfall pool controller. It is no mistake that Dropbox thus attempts to assert vast third-party use in summary form absent from any scrutiny of the purported individual uses.

Next, Pham reaches an opinion that "several factors render it unlikely that Dropbox's use of Smart Sync will cause confusion with Ironhawk's [SmartSync®]

mark or software in the marketplace." But the factors considered by Pham are not consistent with the *Sleekcraft* factors to determine likelihood of confusion, and Pham's opinion thus both misstates the law and invades the province of the Judge to instruct the jury on the law.

Accordingly, Ironhawk respectfully requests that the Court grant the Motion.

## II. EVIDENCE TO BE EXCLUDED

Pham's analysis discusses a number of purported third-party uses of "smart sync" variants disclosed by various Google and trademark searches. This evidence lacks foundation establishing its relevance and is hearsay, and should thus be excluded. (Dkt. No. 97 (Pham Decl.), ¶¶ 16–27 & Exhs. 5–12.)

Pham's analysis further reached an opinion on whether Dropbox's use of Smart Sync causes a likelihood of confusion. (*Id.* at ¶ 11.) This opinion is not based upon the *Sleekcraft* factors, and thus misstates the law and should be excluded.

## III. ARGUMENT

### A. The Court May Exclude Pham's Testimony Concerning Third-Party Use of "Smart Sync" and Likelihood of Confusion

"Although the Federal Rules of Evidence do not explicitly authorize a motion *in limine*, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials." *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2012 WL 960459, *1 (D. Nev. Mar. 21, 2012), *citing Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

"The purpose of a motion *in limine* is to ask the court to rule on evidentiary issues in advance of trial . . . ." *Dae Kon Kwon v. Costco Wholesale Corp.*, 2010 WL 571941, *3 (D. Haw. Feb. 17, 2010) *citing Bradley v. Pittsburgh Bd. of Educ.*, 913 F. 2d 1064, 1069 (3d Cir. 1990); *Lee v. City of Columbus, Ohio*, 2010 WL 333665, *1 (S.D. Ohio Jan. 21, 2010). "This serves to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-McNab v. County of Merced*, 2011 WL

94424 (E.D. Cal. Jan. 11, 2011) *citing Brodit v. Cambra*, 350 F. 3d 985, 1004–05 (9th Cir. 2003).

"Motions *in limine* may also serve to save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses." *Id. citing United States v. Tokash*, 282 F. 3d 962, 968 (7th Cir. 2002). The Court is not limited to prohibiting the introduction of certain documents or information into evidence but may also prohibit any mention of the excluded evidence in opening statements, during trial, or in argument to the jury. *Benedi v. McNeal-P.P.C., Inc.*, 66 F. 3d 1378, 1384 (4th Cir. 1995).

Expert testimony is admissible only if it is reliable and if it will assist the trier of fact to understand the evidence or to determine a fact in issue. Daubert v. Merrell Dow Pharms., Inc, 509 U.S. 579, 590–91 (1993). To meet its "gatekeeping" duties under Rule 702, the district court must make a preliminary determination that the expert's testimony is reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

### B. Pham's Anticipated Testimony Consists in Large Part of the Recitation of Inadmissible Third-Party Use Evidence

Pham's expert report spends much time discussing his findings concerning third-party use of "smart sync" variants returned from Google and trademark search results. However, as set forth in Ironhawk's Motion *in Limine* No. 1, such evidence is inadmissible absent foundation establishing both the nature and extent of such use.[1] (Motion *in Limine* No. 1, III.B.–D.) Pham lacks personal knowledge to lay any such foundation for alleged third-party use of "smart sync" variants. FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

---

[1] To avoid repetition, Ironhawk hereby incorporates that briefing here.

That is, Pham is not a percipient witness, he was instead designated by Dropbox as their marketing expert witness. The entirety of Pham's understanding stems from his review of search results and product websites—Pham explained his review of USPTO search results as follows:

> "I'll give you an example of the things I did. One of the ones, if I recall correctly, was a garage door opener -- I'm sorry. A bed. A hospital bed SmartSync. So I click on that, I see this is applied for hospital bed. Did I look on the website? I don't think I did for the hospital bed, but I did for others ones."

(Venezia Decl., Exh. A (Pham Depo.), P. 59:12–19.) Indeed, when reviewing Google search results, Pham never even personally reviewed the websites of certain of the alleged third-party uses, instead relying upon third-party Global Business Experts Group ("GBX") to do so. (Dkt. No. 161-18 ("Pham Decl."), ¶ 3 ("I or GBX—in which case I discussed GBX's findings with GBX and relied on those findings—reviewed the use on the user's website, website archive, or independent source[.]").)

In other words, Pham—or in some case only a consultant at GBX—simply reviewed the same inadmissible evidence Ironhawk moves to exclude in its Motion *in Limine* No. 1. But, again, the existence of a website discussing a product named with some variant of "smart sync" is insufficient to lay a proper foundation as to the nature of the product and the extent of its use. Having Pham or GBX review such sources does nothing to cure this evidentiary problem, it only exacerbates the problem by adding an additional layer or two of hearsay.

**C.    Dropbox Attempts to Use Pham as a Vehicle to Introduce Otherwise Inadmissible Evidence**

Following the parties' discussion of this Motion during the meet and confer conference, Ironhawk anticipates that Dropbox will argue Pham can rely upon

otherwise inadmissible evidence in forming his opinions, consistent with FED R. EVID. 703. However, FED R. EVID. 703 does not provide carte blanche to present inadmissible evidence to jury, providing, relevantly, as follows:

> "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

*See also Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) ("a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony") (internal quotation omitted); *Lakah v. UBS-AG*, 996 F. Supp. 2d 250, 259 (S.D.N.Y. 2014) ("an expert may not introduce otherwise inadmissible hearsay into evidence at trial by simply summarizing an investigation by others that is not part of the record") (internal quotations omitted).

Here, because the evidence concerning third-party use of "smart sync" is otherwise inadmissible, Dropbox must demonstrate that the probative value of Pham disclosing such evidence to the jury ***substantially outweighs*** the prejudicial effect. That is simply not the case.

First, there is no probative value in Pham disclosing his search results to the jury. That is, Pham argues that the number of uses of "smart sync" variants weakens Ironhawk's SmartSync® mark, and will presumably seek to make similar arguments to the jury. (*See, e.g.*, Dkt. No. 97, ¶ 21 ("Pham Decl.") ("A brief Google search uncovered 44 current and prior uses of "smart sync" as either a company or a product name[.]").) But to evaluate whether such use is relevant to the strength of

the SmartSync® mark, the nature of the use must be considered. *See, e.g., Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1211 (9th Cir. 2012) (agreeing with district court's rejection of argument that appellants' marks were weak because over 840 different companies used the mark or some variation thereof because only four of those entities were in the plaintiff's industry).[2] And again, Pham simply cannot provide that background to the jury.

Next, Pham disclosing his search results to the jury would be highly prejudicial to Ironhawk. Dropbox vastly overstates the third-party use of "smart sync" by including clearly unrelated products such as a clock synchronization system, skin cream, and waterfall pool controller in its summaries. (Dkt. 97-7 (Pham Decl., Exh. 8).) Thus, it is no accident that Dropbox seeks to introduce evidence of third-party use through an expert witness without personal knowledge, depriving the jury of important details, and Ironhawk of the ability to cross-examine those with actual knowledge.

Dropbox could have sought discovery from the companies it believes sell products in the data management industry with names that are variations of "smart sync." But Dropbox chose not to do so, not deposing, sending a discovery request to, or identifying on its witness list a single party purportedly selling a product using a "smart sync" variant. (Venezia Decl., ¶ 2.) This decision was presumably not made because Dropbox or its highly-compensated attorneys were careless, but because Dropbox's claims of third-party use would crumble under examination where the cited products are not widely distributed or in the same industry as SmartSync®.

### D. Pham's Opinion Concerning Likelihood of Confusion Misstates the Law and Invades the Province of the Judge

Opinion testimony that appears to define the applicable legal standard is

---

[2] This matter is briefed in full, and additional authorities are discussed, in Ironhawk's Motion *in Limine* No. 1.

1  inappropriate and properly precluded as it "usurp[s] the province of the judge."
2  *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir.
3  1997); *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); *Shahid v. City of*
4  *Detroit*, 889 F2d 1543, 1547 (6th Cir. 1989). Thus, where an expert's testimony
5  conflates his opinion with terms with legal meaning, such testimony should be
6  precluded. *See, e.g., Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051,
7  1058–1059 (9th Cir. 2008) (legal conclusion that defendant violated UCC misstated
8  law and invaded province of the judge); *United States v. Espino*, 32 F.3d 253, 257
9  (7th Cir. 1994) (expert testimony concerning whether conduct was "unlawful" and
10 "willful" is objectionable because those terms "demand an understanding" of the
11 law").

12      Here, the Ninth Circuit set forth its eight-factor legal test for determining
13 likelihood of confusion in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (1979)
14 ("*Sleekcraft*"). Pham's report opines that Dropbox's use of Smart Sync is unlikely to
15 cause confusion. In reaching such an opinion, Pham does not consider key
16 *Sleekcraft* factors, such as the similarity of "Smart Sync" to the SmartSync®
17 trademark, nor Ironhawk's intentions to expand SmartSync®'s use in the
18 commercial sector. Instead, Pham substitutes his judgment as a marketing academic
19 for whether Dropbox's use of Smart Sync is likely to cause confusion. (Venezia
20 Decl., Exh. A (Pham Depo.), PP. 89:17–90:8 ("I'm not providing a legal opinion.
21 I'm providing a marketing expert's opinion and a consumer psychology opinion on
22 the issue of whether customers in this market could be confused or would be
23 confused[.]")

24      But likelihood of confusion is a term with legal meaning—to be determined
25 by the jury with a careful analysis of the *Sleekcraft* factors. Pham's substitution of
26 the factors he deems important based upon his marketing background is
27 inappropriate and invades the province of the Judge to instruct the jury on the law.
28 Further, because Pham's opinion on likelihood of confusion was not reached in

consideration the *Sleekcraft* factors, it will not assist the jury:

> "Q. In your report, are you attempting to give an opinion on the test as outlined in the Sleekcraft case -- excuse me -- the test for trademark infringement?
>
> A. I'm not providing a direct test of that. I'm providing an opinion that I know on some dimensions is -- could be informing a court's performance of such test."

(*Id.* at P. 91:5–12.) Thus, having not based his opinion on the *Sleekcraft* factors, Pham should not be allowed to testify concerning his opinion on likelihood of confusion.

## IV. CONCLUSION

For the reasons set forth above, Ironhawk respectfully requests that this Court issue an order *in limine* instructing Dropbox and its counsel that Pham may not disclose to the jury the inadmissible evidence concerning third-party use of "smart sync." This Court should further instruct Dropbox and its counsel that Pham may not opine upon whether Dropbox's use of Smart Sync may cause a likelihood of confusion.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By: _/s/Matthew L. Venezia_
Matthew L. Venezia
Attorneys for Plaintiff and Counterdefendant Ironhawk Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2019, I electronically filed the foregoing **MOTION IN LIMINE NO. 2 REGARDING MICHEL (TUAN) PHAM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

## SERVICE LIST

*Ironhawk Technologies, Inc. vs. Dropbox, Inc.*
**USDC CD CA Case No. 2:18-cv-01481-DDP(JEMx)**

| | |
|---|---|
| Jennifer Lee Taylor<br>Sabrina A. Larson<br>Esther Kim Chang<br>Nicolas T. Herrera<br>Joyce Liou<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>Email: jtaylor@mofo.com<br>slarson@mofo.com<br>echang@mofo.com<br>nherrera@mofo.com<br>jliou@mofo.com<br>Dropbox_MoFo@mofo.com | Attorneys for Defendant and Counterclaimant<br>Dropbox, Inc. |
| Wendy J. Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017<br>Telephone: 213.892.5200<br>Facsimile: 213.892.5454<br>Email: wray@mofo.com | |
| Nicholas Ham<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>E-mail: nham@mofo.com | Attorney for Third Parties |

| | |
|---|---|
| Jeffrey M. Davidson<br>Matthew Q. Verdin<br>Rebecca A. Jacobs<br>Clara J. Shin<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, California  94105<br>Telephone:  415-591-6000<br>Facsimile:  415-591-6091<br>E-mail:       jdavidson@cov.com<br>                  rjacobs@cov.com<br>                  cshin@cov.com<br>                  mverdin@cov.com | Attorneys for Defendant and Counterclaimant<br>Dropbox, Inc. |

_____
Andrea A. Augustine