1  BROWNE GEORGE ROSS LLP
   Keith J. Wesley (State Bar No. 229276)
2    kwesley@bgrfirm.com
   Lori Sambol Brody (State Bar No. 150545)
3    lbrody@bgrfirm.com
   Matthew L. Venezia (State Bar No. 313812)
4    mvenezia@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff and Counterdefendant
   Ironhawk Technologies, Inc.

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  IRONHAWK TECHNOLOGIES, INC.,        Case No. 2:18-cv-01481-DDP-JEM
    a Delaware Corporation,             Hon. Dean D. Pregerson
13
                                        **JOINT [PROPOSED] JURY
14          Plaintiff and               INSTRUCTIONS**
            Counterdefendant,
15
16      vs.

17  DROPBOX, INC., a Delaware           Trial Date:  October 22, 2019
    corporation,                        Final Pre-Trial Conf. :  October 7, 2019
18
19          Defendant and
            Counterclaimant.

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Standing Order on Procedures ("Standing Order") and Local Rules 51-1 through 51-4, Plaintiff and Counter-Claimant Ironhawk Technologies, Inc. ("Ironhawk"), and Defendant and Counter-Claimant Dropbox, Inc. ("Dropbox") hereby jointly submit the attached set of undisputed proposed jury instructions.[1]

Dated:  September 30, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia

By: /s/ Keith J. Wesley
Keith J. Wesley
Attorneys for Plaintiff and Counterdefendant Ironhawk Technologies, Inc.

Dated: September 30, 2019

COVINGTON & BURLING LLP

By: /s/ Clara J. Shin
Clara J. Shin

Attorneys for Defendant-Counterclaimant DROPBOX, INC.

---

[1] The parties' joint proposed jury instructions do not specify which instructions should be given at the beginning or end of the trial.  Dropbox proposes that Instruction Nos. 1, 6-15, and 18-21 be given at the beginning of the trial, and Instruction Nos. 2-5, 17, and 22-25 be given at the end of the trial.  Instruction No. 16 need only be read prior to the introduction of deposition testimony in lieu of live testimony.

# INDEX

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 1. | DUTY OF JURY—BEGINNING OF TRIAL | 9th Cir. CJI 1.2 (2017) | |
| 2. | DUTY OF JURY—WRITTEN INSTRUCTION AT END OF CASE | 9th Cir. CJI 1.4 (2017) | |
| 3. | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | 9th Cir. CJI 1.6 (2017) | |
| 4. | WHAT IS EVIDENCE | 9th Cir. CJI 1.9 (2017) | |
| 5. | WHAT IS NOT EVIDENCE | 9th Cir. CJI 1.10 (2017) | |
| 6. | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. CJI 1.11 (2017) | |
| 7. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. CJI 1.12 (2017) (Modified) | |
| 8. | RULING ON OBJECTIONS | 9th Cir. CJI 1.13 (2017) | |
| 9. | CREDIBILITY OF WITNESSES | 9th Cir. CJI 1.14 (2017) | |
| 10. | CONDUCT OF THE JURY | 9th Cir. CJI 1.15 (2017) | |
| 11. | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. CJI 1.17 (2017) | |
| 12. | TAKING NOTES | 9th Cir. CJI 1.18 (2017) | |
| 13. | BENCH CONFERENCES AND RECESSES | 9th Cir. CJI 1.20 (2017) | |
| 14. | OUTLINE OF TRIAL | 9th Cir. CJI 1.21 (2017) | |
| 15. | STIPULATIONS OF FACT | 9th Cir. CJI 2.2 (2017) | |
| 16. | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9th Cir. CJI 2.4 (2017) | |

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 17. | IMPEACHMENT EVIDENCE—WITNESS | 9th Cir. CJI 2.9 (2017) (Modified) | |
| 18. | EXPERT OPINION | 9th Cir. CJI 2.13 (2017) (Modified) | |
| 19. | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. CJI 2.14 (2017) | |
| 20. | CHARTS AND SUMMARIES RECEIVED IN EVIDENCE | 9th Cir. CJI 2.15 (2017) | |
| 21. | EVIDENCE IN ELECTRONIC FORMAT | 9th Cir. CJI 2.16 (2017) | |
| 22. | DUTY TO DELIBERATE | 9th Cir. CJI 3.1 (2017) | |
| 23. | COMMUNICATION WITH COURT | 9th Cir. CJI 3.3 (2017) | |
| 24. | LIABILITY OF CORPORATIONS | 9th Cir. CJI 4.2 (2017) | |
| 25. | RETURN OF VERDICT | 9th Cir. CJI 3.5 (2017) | |

## **IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 1.**

### **DUTY OF JURY – BEGINNING OF TRIAL**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.2.




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 2.

## DUTY OF JURY – WRITTEN INSTRUCTION AT END OF CASE

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.4.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 3.</u>

### **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Requesting Party:         Plaintiff and Counterdefendant

Authority:               9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.6.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 4.

2

### WHAT IS EVIDENCE

3

The evidence you are to consider in deciding what the facts are consists of:

4

1. the sworn testimony of any witness;

5

2. the exhibits that are admitted into evidence;

6

3. any facts to which the lawyers have agreed; and

7

4. any facts that I may or have instructed you to accept as proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.9.




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 5.

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.10.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 6.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.][2]

---

[2] The bracketed instruction should be given prior to the introduction of evidence for a limited purpose.

1  Requesting Party:          Plaintiff and Counterdefendant

2  Authority:               9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.11.

3

4

5

6  _____ GIVEN

7  _____ GIVEN AS MODIFIED

8  _____ REFUSED

9  _____ WITHDRAWN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 7.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.12 (modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

JOINT [PROPOSED] JURY INSTRUCTIONS

# IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 8.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.13.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 9.

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1    The weight of the evidence as to a fact does not necessarily depend on the
2  number of witnesses who testify. What is important is how believable the witnesses
3  were, and how much weight you think their testimony deserves.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.14.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 10.

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.15.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 11.</u>

### NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.17.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1
2

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 12.

### TAKING NOTES

3
4
5
6

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

7
8
9

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.18.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1    **IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 13.**

2    **BENCH CONFERENCES AND RECESSES**

3         From time to time during the trial, it may become necessary for me to talk

4    with the attorneys out of the hearing of the jury, either by having a conference at the

5    bench when the jury is present in the courtroom, or by calling a recess. Please

6    understand that while you are waiting, we are working. The purpose of these

7    conferences is not to keep relevant information from you, but to decide how certain

8    evidence is to be treated under the rules of evidence and to avoid confusion and

9    error.

10        Of course, we will do what we can to keep the number and length of these

11   conferences to a minimum. I may not always grant an attorney's request for a

12   conference. Do not consider my granting or denying a request for a conference as

13   any indication of my opinion of the case or of what your verdict should be.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1347924.1

Requesting Party:          Plaintiff and Countedefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.20.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 14.

2

### OUTLINE OF TRIAL

3    Trials proceed in the following way:  First, each side may make an opening

4 statement.  An opening statement is not evidence.  It is simply an outline to help you

5 understand what that party expects the evidence will show.  A party is not required

6 to make an opening statement.

7    Ironhawk will then present evidence, and counsel for Dropbox may cross-

8 examine.  Then Dropbox may present evidence, and counsel for Ironhawk may

9 cross-examine.

10    After the evidence has been presented, I will instruct you on the law that

11 applies to the case and the attorneys will make closing arguments.

12    After that, you will go to the jury room to deliberate on your verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 1.21.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 15.

### STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit __ that will be read to you. You must therefore treat these facts as having been proved.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.2.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 16.

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.4.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

<u>**IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 17.**</u>

2

**IMPEACHMENT EVIDENCE—WITNESS**

3      The evidence that a witness lied under oath on a prior occasion or said or

4  failed to say something which was different from the testimony the witness gave

5  during trial may be considered, along with all other evidence, in deciding whether or

6  not to believe the witness and how much weight to give to the testimony of the

7  witness and for no other purpose.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:              Plaintiff and Counterdefendant

Authority:                     9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.9 (modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1
2

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 18.

### EXPERT OPINION

3
4
5

Certain witnesses may testify as to their opinions and the reasons for their opinions. If allowed, this opinion testimony is allowed because of the education or experience of such witnesses.

6
7
8
9

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Requesting Party:          Plaintiff and Counterdefendant

Authority:          9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.13 (Modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## **<u>IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 19.</u>**

2

### **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

3

Certain charts and summaries not admitted into evidence may be shown to

4
you in order to help explain the contents of books, records, documents, or other

5
evidence in the case. Charts and summaries are only as good as the underlying

6
evidence that supports them. You should, therefore, give them only such weight as

7
you think the underlying evidence deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.14.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 20.

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.15.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 21.

### EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately

1   and refrain from viewing such materials. Do not remove the computer or any

2   electronic data from the jury room, and do not copy any such data.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:        Plaintiff and Counterdefendant

Authority:               9th Cir. Civ. Jury Inst. (2017) Instr. No. 2.16.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 22.

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Requesting Party:            Plaintiff and Counterdefendant

Authority:                   9th Cir. Civ. Jury Inst. (2017) Instr. No. 3.1.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1      <u>**IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 23.**</u>

2      **COMMUNICATION WITH COURT**

3      If it becomes necessary during your deliberations to communicate with me,

4 you may send a note through the marshal, signed by your presiding juror or by one

5 or more members of the jury. No member of the jury should ever attempt to

6 communicate with me except by a signed writing; I will communicate with any

7 member of the jury on anything concerning the case only in writing, or here in open

8 court. If you send out a question, I will consult with the parties before answering it,

9 which may take some time. You may continue your deliberations while waiting for

10 the answer to any question. Remember that you are not to tell anyone—including

11 me—how the jury stands, numerically or otherwise, until after you have reached a

12 unanimous verdict or have been discharged. Do not disclose any vote count in any

13 note to the court.

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 3.3.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## <u>IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 24.</u>

2

### LIABILITY OF CORPORATIONS

3       Under the law, a corporation is considered to be a person. It can only act

4 through its employees, agents, directors, or officers. Therefore, a corporation is

5 responsible for the acts of its employees, agents, directors, and officers performed

6 within the scope of authority.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:          Plaintiff and Counterdefendant

Authority:                 9th Cir. Civ. Jury Inst. (2017) Instr. No. 4.2.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>IRONHAWK'S PROPOSED JURY INSTRUCTION NO. 25.</u>

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Requesting Party:         Plaintiff and Counterdefendant

Authority:                9th Cir. Civ. Jury Inst. (2017) Instr. No. 3.5.



_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28