BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

LAW OFFICE OF ALEX KOZINSKI
Alex Kozinski (State Bar No. 66473)
  alex@kozinski.com
719 Yarmouth Road, Suite 101
Palos Verdes Estate, CA 90274-2671
Telephone: (310) 541-5885
Facsimile: (310) 265-4653
Email: alex@kozinski.com

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., a Delaware Corporation, <br><br> Plaintiff and Counterdefendant, <br><br> vs. <br><br> DROPBOX, INC., a Delaware corporation, <br><br> Defendant and Counterclaimant. | Case No. 2:18-cv-01481-DDP-JEM <br><br> The Hon. Dean D. Pregerson <br><br> **IRONHAWK TECHNOLOGIES, INC.'S OPPOSITION TO DROPBOX'S MOTION FOR LEAVE TO FILE RENEWED SUMMARY JUDGMENT MOTION ON THE AVAILABILITY OF DAMAGES** <br><br> Trial Date: January 18, 2022 <br> Final Pre-Trial Conf.: January 10, 2022 |

1880259.1

Case No. 2:18-cv-01481-DDP-JEM

IRONHAWK TECHNOLOGIES, INC.'S OPPOSITION TO DROPBOX'S MOTION FOR LEAVE TO FILE RENEWED SUMMARY JUDGMENT MOTION ON THE AVAILABILITY OF DAMAGES

Ironhawk Technologies, Inc. ("Ironhawk") hereby opposes Dropbox, Inc.'s ("Dropbox") Motion for Leave to File Renewed Summary Judgment Motion on the Availability of Damages (the "Motion") as follows.

## I. **PRELIMINARY STATEMENT.**

The Court granted Dropbox's motion for summary judgment on October 24, 2019—12 days before trial was calendared to begin. Given this timing, the parties have already fully briefed motions for summary judgment, fully briefed evidentiary motions, exchanged exhibit and witness lists, prepared proposed jury instructions, etc. While Ironhawk agrees the previously mooted, pending motions should be ruled on, this case should pick up where it left off, *i.e.*, preparing for trial. Some regular pretrial matters remain, but the Ninth Circuit's mandate was clear. Empanel the jury, give opening arguments, and call the first witness.

Dropbox has another idea. Dropbox wants to open up this case for another round of summary judgment briefing, where Dropbox seeks to reiterate its already briefed damages arguments, and further argues that Ironhawk should be deprived of any opportunity to have a jury hear its case, presumably believing that if the case is tried to the Court, the Court will simply follow its earlier ruling on summary judgment and rule in Dropbox's favor. This is improper. Ironhawk has already been forced to oppose Dropbox's meritless damages arguments once, and there is no reason Dropbox should be given a second bite at the apple.

Dropbox's reliance on the Supreme Court's decision in *Romag Fasteners, Inc. v. Fossil, Inc.* is befuddling. 140 S. Ct. 1492 (2020) ("*Romag*"). *Romag* is an intervening change in the law ***in Ironhawks's favor***, making clear that there is no willfulness or passing off requirement in order to disgorge a defendant's profits— mooting the arguments made by Dropbox on summary judgment, and opening the door for an award of profits on Ironhawk's reverse confusion theory, should Ironhawk prove that disgorgement would be equitable under the circumstances of this case at trial.

Ironhawk agrees *Romag* is important. But, it can in no way be read to support summary adjudication of any issue in Dropbox's favor, and there is thus no reason to allow Dropbox to file a second summary judgment motion on the basis of *Romag*. Should briefing on the implications of *Romag* be helpful to the Court, the issue can be addressed in a few pages of supplemental briefing per side. The proposed 18-page, repetitive summary judgment motion, revisiting all of Dropbox's damages arguments, is not required and is a waste of resources.[1]

Accordingly, the Motion should be denied.

## II.  STATEMENT OF FACTS.

### A.  Dropbox and Ironhawk filed motions for summary judgment pursuant to the case management schedule.

On May 8, 2019, the parties filed a Joint Stipulation to, among other things, extend the deadline to file motions until June 17, 2019. Dkt. No. 75. On May 9, 2019, the Court adopted this proposal, and entered an Order requiring motions to be filed by June 17, 2019. Dkt. No. 76. Both Ironhawk and Dropbox filed their motions for summary judgment on that day. Dkt. Nos. 89, 91. Dropbox's motion sought dismissal of Ironhawk's case on the grounds that no reasonable jury could find a likelihood of confusion, but argued in the alternative that Ironhawk could not prove Dropbox acted willfully, and thus could not establish an entitlement to disgorge Dropbox's profits. *See* Dkt. No. 91, 2–3; Dkt. No. 118, 21–25. This issue was further addressed in both Ironhawk's opposition, and Dropbox's reply briefing. *See* Dkt No. 142, 24–25; Dkt. No. 169, 2–7.

---

[1]  Nor does it matter that Ironhawk "limited" its case to reverse confusion on appeal—Ironhawk's claims have always sounded in reverse confusion, and the case was briefed as such.

### B. Dropbox filed a *Daubert* motion and two motions in limine challenging Ironhawk's damages theories.

On June 17, 2019, Dropbox also filed a *Daubert* motion, seeking to exclude Ironhawk's damages expert, Dr. Robert Wunderlich, arguing that Ironhawk could not recover a reasonable royalty. Dkt No. 116, 4–6. On September 16, 2019, Dropbox filed two motions in limine addressing the availability of damages (No. 1 and No. 4)—No. 1 argued that Ironhawk failed to disclose, and thus could not pursue, a punitive damages claim, and No. 4 argued Ironhawk could not seek a reasonable royalty or introduce evidence related to the same. Dkt. Nos. 189-7, 190. Ironhawk opposed each of these motions, and Dropbox filed replies.

### C. The Court granted Dropbox's motion for summary judgment.

On October 24, 2019, the Court granted Dropbox's motion for summary judgment, finding that a "reasonable trier of fact could not conclude that Dropbox's use of Smart Sync is likely to cause consumer confusion." Dkt. No. 264, 15. This Order resolved the case in Dropbox's favor, rendering Dropbox's additional arguments, Ironhawk's motion for summary judgment, and the pending evidentiary motions moot.

### D. The Ninth Circuit reversed the grant of summary judgment in favor of Dropbox, remanding this case for trial.

On November 18, 2019, Ironhawk filed its Notice of Appeal as to the Court's order granting Dropbox summary judgment. Dkt. No. 266. On July 6, 2021, the Ninth Circuit entered its Order and Amended Opinion, whereby the Ninth Circuit reversed the Court's grant of summary judgment in Dropbox's favor, and remanded this case for trial. Dkt. No. 312, 26. On July 14, 2021, the Ninth Circuit entered its Mandate. Dkt. No. 313. The Court has now set a final pretrial conference for January 10, 2022, at 11:00 a.m., and a jury trial to begin on January 18, 2022, at 9:00 a.m. Dkt. No. 324.

### E. **Ironhawk and Dropbox stipulated to have unresolved issues from the summary judgment briefing and evidentiary motions heard before trial.**

Agreeing that the Ninth Circuit's reversal left the previously moot issues ripe for determination—*i.e.*, Dropbox's willfulness and disgorgement arguments, Ironhawk's motion for summary judgment, and the pending evidentiary motions—on August 12, 2021, the parties filed a Joint Stipulation suggesting that the Court set these matters for hearing on September 27, 2021, at 10:00 a.m. Dkt. No. 316. The Court granted the Joint Stipulation, but originally set all the matters to be heard on October 25, 2021, at 10:00 a.m., before further continuing just the motions in limine to be heard at the final pretrial conference. Dkt. Nos. 322, 324.

### F. **Dropbox seeks a second bite at the apple by virtue of another summary judgment motion.**

Dropbox argues that it should be allowed to address the import of the *Romag* decision. However, a review of its proposed motion for summary judgment makes clear that Dropbox attempts to reargue a number of issues, including whether Ironhawk may recover a reasonable royalty, whether Rule 37 bars Ironhawk from seeking punitive damages, and whether Ironhawk is entitled to a jury trial. *See* Dkt. No. 319-2, 8–9, 22–23. As acknowledged in the proposed motion, Dropbox has already briefed these issues, and Ironhawk has already been forced to oppose Dropbox's meritless position that Ironhawk should be disallowed from pursuing ***any*** monetary remedy. *Id.* at 22, 23 ("As Dropbox explained in its motion to exclude Wunderlich"; "as discussed in more detail in Dropbox's Motion In Limine No. 1").

## III. THE MOTION SHOULD BE DENIED.

### A. Legal standard.

The Court's Standing Order on Procedures provides that "[t]he court will allow only one motion for summary judgment per party, absent leave of the court." Standing Order, 2. While such matters generally fall within the discretion of the

Court, here, the Court's discretion is limited to some extent by the Ninth Circuit's mandate that this case be remanded for trial. *See Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir. 2005) ("[L]ower courts are obliged to execute the terms of a mandate" and must follow "the spirit of the circuit court's decision.") (internal citation omitted).

### B. The Ninth Circuit remanded this case for trial, and the motion for summary judgment deadline passed more than two years ago.

As a threshold matter, the Ninth Circuit remanded this case for trial, not an additional round of summary judgment briefing. Dkt. No. 312, 26. Pursuant to the Ninth Circuit's mandate, Ironhawk is entitled to a prompt trial, and to focus its efforts on preparing for the same—not an additional, unnecessary round of summary judgment briefing, proffered as a distraction by its well-funded litigation adversary. Indeed, the cutoff for motions in this case was June 17, 2019, more than two years ago, and Dropbox already briefed the issues it now seeks to raise for a second time. Dkt. No. 76.

### C. The intervening change in law renders Dropbox's arguments meritless, mooting any need for additional briefing.

Again, Dropbox briefed the willfulness and disgorgement issues in its first motion for summary judgment. Dkt. No. 91, 2–3; Dkt. No. 118, 21–25. The only intervening change in the law, *Romag*, cuts squarely against Dropbox, and can be considered by the Court without need for Dropbox to file a second summary judgment motion.

Dropbox originally argued that, under *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), Ironhawk could not prove willfulness, "[b]ecause Dropbox had no intent to trade on Ironhawk's goodwill[.]" Dkt. No. 118, 23. And, because Dropbox argued willfulness was a prerequisite to the disgorgement of profits, again under *Lindy Pen*, Dropbox continued that Ironhawk

could thus not establish an entitlement to disgorge Dropbox's profits. *Id.* at 24–25.[2]

But, *Romag* directly undercut this argument. In *Romag*, Romag manufactured magnetic snap fasteners, and Fossil used counterfeit Romag snap fasteners in certain of its leather goods. The jury found Fossil "had acted 'in callous disregard' of Romag's rights[,]" but not willfully, and because there was no willfulness finding, the district court declined to award Romag Fossil's profits. *Romag*, 140 S. Ct. at 1494. The Supreme Court reversed, explaining that while "a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate[,]" willfulness (*i.e.*, passing off) is not an "inflexible precondition to recovery" of profits. *Id.* at 1497; *see also Monster Energy Co. v. Integrated Supply Network, LLC*, 821 Fed. Appx. 730, 733 (9th Cir. 2020) ("[T]he Supreme Court has squarely rejected the reasoning that motivated *Stone Creek*.").

By making clear that there is no willfulness or passing off requirement for an award of profits, *Romag* opened the door for profits awards in reverse confusion cases, considering the types of malicious intent relevant to claims of reverse confusion—ranging from "evidence that a defendant deliberately intended to push the plaintiff out of the market by flooding the market with advertising to create reverse confusion" to "evidence that, for example, the defendant knew of the mark, should have known of the mark, intended to copy the plaintiff, failed to conduct a reasonably adequate trademark search, or otherwise culpably disregarded the risk of reverse confusion." *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 934–35 (9th Cir. 2017).

Ironhawk presented ample evidence of Dropbox's malicious intent in

---

[2] While Dropbox's original briefing did not cite *Stone Creek, Inc. v. Omnia Italian Designs, Inc.*, 875 F.3d 426, 441 (9th Cir. 2017), Dropbox's current briefing cites the case as support for the argument that disgorgement previously required a showing of willfulness in the Ninth Circuit, and acknowledges this principle was abrogated by *Romag*.

connection with the summary judgment briefing, sufficient to support an award of profits in Ironhawk's favor. *See* Dkt. No. 142, 11, 28–29 (summarizing evidence). That the law has gotten significantly worse for Dropbox does not countenance in favor of allowing Dropbox to file a second summary judgment motion on this issue.

### D. The disgorgement of profits issue can be heard on October 25, 2021, without need for another summary judgment motion.

The parties stipulated that the willfulness and disgorgement of profits issues raised in Dropbox's original motion for summary judgment can be set for hearing, and the Court in fact set those issues to be heard on October 25, 2021, at 10:00 a.m. Dkt. Nos. 316, 322. Should the Court believe additional briefing on *Romag* would be helpful, the Court could allow the parties to submit brief argument concerning the impact of that case, as opposed to entertaining Dropbox's repetitive 18-page motion, and opposition and reply papers.

### E. Dropbox seeks to provide additional briefing on numerous issues, already fully briefed before the Court.

Review of Dropbox's proposed second summary judgment motion makes clear that Dropbox does not only seek to reargue the profits issue in light of *Romag*, but other damages issues for which there has been no change in the law or facts:

- Dropbox argues that Ironhawk may not recover a reasonable royalty. Dkt. No. 319-2, 22–23. Dropbox has already made this argument in two motions. Dkt No. 116, 4–6; Dkt. No. 189-7. And, Ironhawk has already explained why Dropbox is wrong. Dkt. No. 141, 3–8; Dkt. No. 219.

- Dropbox argues that Ironhawk waived its punitive damages claim. Dkt. No. 319-2, 23. Dropbox made the same argument in its Motion in Limine No. 1. Dkt. No. 190, 7–9, 11–13. And, Ironhawk has already explained why Dropbox is wrong. Dkt. No. 217, 5–10.

Dropbox's motions in limine addressing these issues are already set to be heard by the Court at the final pretrial conference. Dkt. No. 324. There is nothing to be gained from additional briefing on these issues, and allowing Dropbox to file a second summary judgment motion would needlessly cost Ironhawk money in the

form of attorneys' fees and waste the Court's resources.

## IV. CONCLUSION.

For the reasons set forth above, the Motion should be denied.

Dated: August 23, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Keith J. Wesley
   Matthew L. Venezia
   Lori Sambol Brody

By:    */s/ Matthew L. Venezia*

Attorneys for Plaintiff and Counterdefendant
Ironhawk Technologies, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2021, I electronically filed the foregoing **IRONHAWK TECHNOLOGIES, INC.'S OPPOSITION TO DROPBOX'S MOTION FOR LEAVE TO FILE RENEWED SUMMARY JUDGMENT MOTION ON THE AVAILABILITY OF DAMAGES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **SEE SERVICE LIST ATTACHED**

Andrea A. Augustine

# SERVICE LIST

*Ironhawk Technologies, Inc. vs. Dropbox, Inc.*
**USDC CD CA Case No. 2:18-cv-01481-DDP(JEMx)**

| | |
|---|---|
| Jeffrey M. Davidson<br>Matthew Q. Verdin<br>Clara J. Shin<br>Raymond G. Lu<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, California  94105<br>Telephone:  415-591-6000<br>Facsimile:  415-591-6091<br>E-mail:    jdavidson@cov.com<br>          cshin@cov.com<br>          mverdin@cov.com<br>          rlu@cov.com | Attorneys for Defendant and Counterclaimant<br>Dropbox, Inc. |
| Laura E. Brookover (*Pro Hac Vice*)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone:  202-662-5401<br>Facsimile:  202-778-5401<br>E-mail:    lbrookover@cov.com | |
| Alex Kozinski<br>LAW OFFICE OF ALEX KOZINSKI<br>719 Yarmouth Road<br>Suite 101<br>Palos Verdes Estate, CA 90274-2671<br>Telephone:  310-541-5885<br>Facsimile:  310-265-4653<br>Email:     alex@kozinski.com | Co-Counsel for Ironhawk Technologies, Inc. |